DREW LUMBER COMPANY, *et al.*, *Appellants*, v. UNION INVESTMENT COMPANY, A CORPORATION, *Appellee*.

Opinion Filed November 25, 1913.

INJUNCTION—BILL FOR MUST STATE FACTS AND NOT MERELY CONCLUSIONS OF LAW—NO PREVENTIVE INJUNCTION TO RESTRAIN ACTS ALREADY COMMITTED—INJUNCTION WITHOUT NOTICE AND WITHOUT BOND.

1. It is academic that a preventive injunction will never be granted where it appears that the acts complained of have already been committed.

2. A bill for injunction must state facts clearly and unequivocally and not merely conclusions of law, or the opinions of the pleader in the form of such conclusions of law.

3. Injunction should not be granted without notice to the opposite party, unless the proper showing is made that under the law dispenses with such notice. Neither should an injunction be granted in such cases without requiring an injunction bond.

4. An injunction should never be granted upon a bill verified upon information and belief, unless accompanied by an affidavit in positive terms from the source of such information.

5. No injunction should ever be granted upon a bill that is without equity.

Appealed from Circuit Court of Suwannee County; Mallory F. Horne, Judge.

Orders reversed with directions to dismiss bill.

*J. T. G. Crawford* and *John F. Harrell,* for Appellants;

*Humphreys* & *Blackwell,* for Appellee.

### STATEMENT.

. The appellee filed its bill in equity in the Circuit Court of Suwannee County against the appellants alleging there as follows:

"That your Orator is the owner of and is in possession of land in Suwannee County, Florida, as follows to-wit: Section 27, Township 5 South of Range 15 East, containing 640 acres more or less.

### 2.

That on the ...... day of .............. A. D. 1911, the said land was wild and unimproved land and that your orator on the said date bought the said land from the heirs of A. D. Basnett, deceased, and took from the said heirs of the said A. D. Basnett a deed of conveyance to the same and immediately went into possession thereof, and has been in continuous possession of the said land ever since exercising ownership over the same, that is to say, your orator immediately after taking possession thereof erected a fence around it, dug a well on it, built a house on it and has had about ten acres cleared for cultivation.

3.

Your orator would further show that on the 28th day of December A. D. 1912, some one did feloniously and maliciously go on the said land and tear down the house thereon belonging to your orator, and your orator has been informed and believes that some of the above named defendants did so feloniously and maliciously destroy the house of your orator and that the others did aid, abet and encourage and hire them to do so. And that on the 31st day of December, 1912, all of the above named defendants with the exception of T. A. Thompson and Drew Lumber Co., were on the said land tearing down the fence maliciously and destroying the property of your orator. And your orator has been informed that they were hired to do so by T. A. Thompson and your orator further believes that Drew Lumber Co., has aided and encouraged them in doing so. And on the said date 31st day of December, 1912, one of the said.defendants did beat and bruise your orator's servant while he was on the land fixing up the fence at the request of your orator and was otherwise improving the said property. The premises considered and in as much as your orator can have adequate relief only in a court of equity your orator prays:

That your Honor grant unto your orator a writ of injunction directed to Drew Lumber Co., a corporation under the laws of Florida, T. A. Thompson, E. T. Summers, W. F. Hazel, Tobe Jones, James Terry, John Donaldson, Henry Hill and Alex Alexander restraining them and each of them either in person or by and through their agents, employees or servants from further destroying fence or other property on the said land and from further molesting any of the agents or servants of your orator while on the said land in the interest of your orator.

And may it please your honor to grant unto your orator

the writ of summons in chancery, issuing out of and under the seal of said court, directed to the sheriff of said county, commanding him to summons the above named defendants and each of them to be and appear before this court on a day certain to be fixed by this court, and then and there true and perfect answer make to this bill of complaint, but not under oath the same being hereby waived, and require them to show why this injunction should not' be permanent.

And may it please the court to grant unto your orator such other and further relief as to your Honor may seem meet and just.

And your orator will every pray, etc.

HUMPHREYS & BLACKWELL,<br>Solicitors for Complainant.

STATE OF FLORIDA,
COUNTY OF SUWANNEE.

Before the undersigned, a Notary Public, personally came, A. Lee Humphreys, who being duly sworn deposes and says that he is the president of the Union Investment Co., the above named complainant and the proper one to swear to the foregoing bill of complaint and that he has read the foregoing bill and knows the contents thereof and that the contents are true; that there is no judge present in the said county of Suwannee authorized to grant writs of injunction, and the affiant prays that the Circuit Court Commissioner in said county may order the issuing of said writ; that affiant has been informed and believes the above defendants are now on the land further injuring the property and that the rights of complainant will be greatly and unduly prejudiced if the injunction in this

case is not issued immediately, or without notice to these defendants.

Sworn and subscribed to before me
this the 1st day of Jan. A. D. 1913.

                                    A. Lee Humphrevs.
H. DeG. Stewart, Notary Public, (SEAL.)"

Upon this bill a court commissioner granted temporary injunction as prayed in the bill. Thereupon the complainants obtained leave of the court to file and did file an amended bill alleging therein as follows:

"1.

That your orator is the owner of and is in possession of land in Suwannee County, Florida, described as follows, to-wit: Section 27, Township 5 South of Range 15 East, containing 640 acres more or less.

2.

That on to-wit: 20th day of September, A. D. 1911, the said land was wild and unimproved land and was unoc-cupied and your orator then and there went into possession of the same under a claim of title. And your orator has held possession of the said land since the said date of September 20th, 1911, and its possession has been continuous, peaceful and undisturbed; your orator has been exercising rights of ownership over the same, that is to say your orator immediately upon taking the possession thereof put up a substantial enclosure around the said land, and has bored a well thereon, built a house thereon and has been clearing some of the land for cultivation and has had cleared about to-wit; twelve acres.

3.

Your orator would further show that it is endeavoring to get the land in proper shape so as to plant a crop on the said land for the year 1913.

4.

Your orator would further show that George L. Drew acting for himself and also for Drew Lumber Co., did procure and hire a bunch of men to go on the said land in the night time on the 28th day of December, A. D. 1912, and to tear down the house of your orator thereon. And that the said bunch of men so hired by Geo. L. Drew did go on said land on the said date at the request and direction of Geo. L. Drew and did cut and mutilate your orator's wire fence around said land and did tear down your orator's house.

5.

Your orator would further show that on the 31st day of December, A. D. 1912, all of the above named defendants except Drew Lumber Co., T. A. Thompson, Frank Drew and Geo. L. Drew went on the said land forcibly and with shot guns against the protests of your orator's servant, who was at the time on the land for your orator and improving the land at your orator's request, and one of them did beat and bruise your orator's servant and threatened to kill him and told him that if he did any further work on the land that they would kill him and did forcibly make your orator's servant stop work on the said land, and did cut and tear down some of your orator's fence and did then state that they were going to tear it all down and that they would die there and that they would kill any one who interfered; that the said named defendants did go on the land at the request of T. A. Thompson, Geo. L. Drew, Frank Drew and Drew Lumber Co., having been hired to do so by them.

6.

Your orator would further show that Frank Drew has advised all of the defendants to ignore any and all orders of the court restraining them, and that said Frank Drew

and Geo. L. Drew, Drew Lumber Co. and T. A. Thompson have instructed the other defendants to tear down all of the other part of the fence on the said land and to destroy all other property belonging to your orator thereon, and the said defendants are now on the said land at the request of Frank Drew, Geo. L. Drew, T. A. Thompson and Drew Lumber Co. tearing down other parts of the fence and threatening to kill your orator's servant, and they say they will destroy all of the property belonging to your orator on said land, and unless your orator can have immediate relief from the court they will tear down all of your orator's fence and will destroy all of the property belonging to your orator on the said land and will kill your orator's servant, and that they will do this at the request and as servants of Drew Lumber Co. Geo. L. Drew, Frank Drew and T. A. Thompson and there is an urgent necessity that a temporary injunction issue at once or your orator will suffer great loss and irreparable injury and damage.

7.

Your orator would further show that it is trying to get the land and the fence in such shape as to enable it to plant a crop on the land for the year 1913 and your orator has already perfected its plans to plant a crop there this year; that unless a temporary injunction is granted immediately so as to enable your orator's servants to go to work at once to put the fence back which was maliciously destroyed by the above named defendants, it will become impossible to get the land in shape and the fence suitable for planting until the crop season is over; that your orator desires to plant peanuts on the land for fattening hogs, and has made all arrangements to have the said peanuts planted; that peanuts should be planted in March and April and it will take your orator's servant all of his

time from now until then to get the land and fence back in shape for planting, and if he gets it in proper shape he must go to work immediately, and if he is any further delayed by these defendants it will be impossible to get the land in shape for a crop this year and your orator will be compelled to pass the year without planting a crop on the land, and there is an urgent necessity for a temporary injunction restraining them as hereinafter prayed or your orator will suffer great damage and irreparable injury.

8.

Your orator would further show that an injunction is the only remedy your orator has for its protection; that none of the defendants are able to respond in damages and your orator cannot collect damages for what has been done and for what will be done; that Drew Lumber Co., is an insolvent corporation having been out of business for years and it has no visible property; that Frank Drew has no visible property and is unable to respond in damages; that your orator has been unable to find any visible property belonging to either Geo. L. Drew and T. A. Thompson, and your orator believes and therefore avers that neither Geo. L. Drew nor T. A. Thompson is able to respond in damages for any injury they may do your orator; that neither E. T. Summers, W. F. Hazel, Tobe Jones, James Terry, John Donaldson, Henry Hill or Alex Alexander has any visible property whatever and neither one of them can respond in damages, and the great damage which these defendants are threatening to do your orator will be far beyond their ability or the ability of any or all of them to repair, and there is an urgent necessity that temporary injunction issue at once or your orator will suffer irreparable injury, and great loss and damage.

The premises considered and in as much as your orator can have adequate relief only in a court of Equity your orator prays:

That your Honor grant unto your orator a temporary writ of injunction directed to Drew Lumber Co., a corporation under the laws of Florida, T. A. Thompson, E. T. Summers, W. F. Hazel, Tobe Jones, James Terry, John Donaldson, Henry Hill, Alex Alexander, Frank Drew and Geo. L. Drew restraining them and each of them from further trespassing on the said land and further restraining them and each of them either in person or by and through their agents, employees or servants from destroying the fence or other property on the said land and from further molesting any of the agents or servants of your orator while on the said land in the interest of your orator.

And may it please the court to grant unto your orator the State's Writ of Subpoena issued out of and under the seal of said Court and directed to Drew Lumber Co., a corporation under the laws of Florida, T. A. Thompson, E. T. Summers, W. F. Hazel, Tobe Jones, James Terry, John Donaldson, Henry Hill, Alex Alexander, Frank Drew and George L. Drew, commanding them and each of them on a day certain and under a penalty therein stated personally to be and appear before this court, and then and there true and perfect answer make, to this your orator's bill of complaint, as specifically as if especially interrogated thereto, but not under oath, the answer under oath being hereby waived, and that your orator have a perpetual injunction.

And your orator further prays that the temporary injunction issued as above prayed be made permanent, and that your orator have such other and further relief as to your honor may seem equitable and just.

HUMPHREYS & BLACKWELL,
Solicitors for Complainant.

STATE OF FLORIDA,
COUNTY OF SUWANNEE.

Before the undersigned, Judge of the Circuit Court personally came C. D. Blackwell who being duly sworn deposes and says: That he is member of the firm of Humphreys & Blackwell Counsel for Complainants in the attached bill; that the threatened injury complained of in said bill is iminent and will be visited upon the complainant if temporary injunction is not granted and if complainant gives notice to defendants the damage and injury will be greatly accelerated and hastened.

Sworn and subscribed to before me
this 9th day of January, 1913.

C. D. Blackwell.

M. F. Horne, Judge.

STATE OF FLORIDA,
COUNTY OF SUWANNEE.

Before the undersigned, a Notary Public, personally came A. Lee Humphreys who being duly sworn deposes and says: That he is President of the Union Investment Co., the above named complainant and that he has read the foregoing Bill of Complaint and knows the contents thereof and the contents of the said bill of complaint are true; that there is no judge present in said County of Suwannee authorized to grant writs of Injunction, and affiant prays that the Circuit Court Commissioner in said county may order the issuing of said Writ of Injunction; that each of the above named defendants are now either in person or by and through his agents, employees or

servants on the said land mentioned in the foregoing bill of complaint and are tearing down other parts of your orators fence and are threatening to tear it all down and further threatening to kill your Orator's servant, and will tear down all of the fence and kill your orator's servant and the rights of complainant will be greatly and unduly prejudiced if the temporary injunction in this case is not issued immediately or without notice, and your orator will suffer great damage and irreparable injury, and there is an urgent necessity that the injunction issue at once and without notice to these defendants.

Sworn and subscribed to before me
this the 9th day of Jan. A. D. 1913.

                                A. Lee Humphreys.

L. T. Morgan, Notary Public, (SEAL.).
My Commission expires March 11, 1915."


Thereupon the court granted the complainant's motion to amend the order for injunction by making it require the complainant to give a bond to the defendants in the sum of $1,000, and granting to the complainants one full day in which to give said bond.

Thereupon the defendants moved the court to dissolve said temporary injunction granted by the court commissioner on the following grounds:

1.   Because said temporary injunction was granted without notice to defendants or either of them and without notice to their counsel.

2.   Because said injunction was granted without requiring the complainant to file or make an indemnity bond for the protection of these deefndants.

3.   Because the prayer in the bill upon which said

temporary injunction is based, does not specifically pray for a preliminary or temporary injunction.

4. Because the allegations of said bill are based upon information and belief, and that no affidavit stating any other or additional facts was filed with said bill or considered by the commissioner.

5. Because the allegations in said bill are not direct and positive to every material fact.

6. Because said bill does not allege any facts showing, or tending to show, that a failure to grant the temporary injunction would work irreparable injury to the complainant.

7. Because said bill does not allege any facts the proof of which would entitle the said complainant to a preliminary or permanent injunction.

This motion was denied by the court.

On January 17th, 1913, the day that the answer and demurrer of the Drew Lumber Company to the bill of complaint was filed, the complainant by leave of the court filed the following amendment to its amended bill of complaint: "That the lands in the pleading herein, to-wit: Sec. 27, Tp. 5 South, Range 15 East, in Suwannee County, Florida, are largely valuable for the timber and wood standing and growing upon the same, and that the defendants and each of them have cut a portion of the said timber into wood for fuel purposes, and if not restrained or enjoined by this Honorable Court will continue to cut and destroy the timber growing and standing upon the said land and move the same therefrom."

The defendant, the Drew Lumber Company, filed its answer and demurrer jointly to the bill, in the answer denying all of the allegations in the bill, and in its amendments, and specifically denying that the complainant was the owner of or in possession of the land in controversy

and avering that was the fee simple owner of said land and in the actual occupancy and possession thereof. The demurrer incorporated in said answer was upon the grounds:

1. That said bill does not make out or state any cause for injunctive relief.

2. That said bill does not allege that the defendants, or any of them have committed, or have threatened to commit, any irreparable injury to the *locus in quo.*

3. That said bill does not allege that the defendants, or either of them, have done or threatened to do any damage to the *locus in quo.* which cannot be compensated for in an action at law.

4. Complainant has an adequate remedy at law.

The defendants upon this answer and divers affidavits, among them the two following affidavits by the defendant George L. Drew, moved the court to dissolve said injunction, *viz*:

"STATE OF FLORIDA,
    COUNTY OF DUVAL.

On this day personally appeared before me, an officer duly authorized to administer oaths in the State of Florida, George L. Drew, who being first duly sworn, deposes and says: That he is the President of the Drew Lumber Company, a corporation organized and existing under the laws of the State of Florida and having its principal place of business in Duval County, Florida, and that he is the same George L. Drew who is made a party defendant in the above styled cause; that he makes this affidavit both as President of said corporation and by and on behalf of said corporation; and also in his individual right; that the Drew Lumber Company is authorized under its

charter and by-laws to buy, sell and deal in lands; that at all times since its corporation up to the present it has been actively engaged in buying, selling and dealing in lands in the State of Florida, in addition to carrying on at various times other business authorized by its charter; that in the year 18J8 the said Drew Lumber Company purchased from T. S. Wilmarth and his wife, for a valuable consideration, the certain land lying and being in the County of Suwannee, State of Florida, particularly described as Section 27, Township 5 South, Range 15 East; that ever since said time the said Drew Lumber Company, by and through its officers, agents and servants, has paid the taxes on said land and holds receipts for said taxes; that about the time of said purchase from said Wilmarth the said Drew Lumber Company was engaged in the conduct of a sawmill business in the neighborhood of said land, and during its operation did cut, remove and manufacture into lumber all of the merchantable timber then standing on said section; that on the first day of May, 1911, the said Drew Lumber Company did execute and deliver to one Thomas A. Thompson a certain contract giving to the said Thomas A. Thompson the right to purchase the said section, and other lands of said Drew Lumber Company in the counties of Suwannee and Columbia, in the State of Florida, for the sum of Fifty Thousand Dollars; that the said contract was filed for record in the office of the Clerk of the Circuit Court of Suwannee County, Florida, on the 4th day of May, 1911, and duly recorded in the public records of said Suwannee County, Florida, in Book JJ, page 224; that the said land contains large deposits of phosphate rock which this affiant is advised and believes to be worth upwards of the sum of Fifty Thousand Dollars; that under the terms of said contract the said Thomas A. Thompson had the right, from

the date of said contract, to enter upon said land and proceed with preparations to mine said phosphate rock; that in, to-wit: the month of April, 1912, the said Thomas A. Thompson, together with some of his agents and servants, did go upon the said land for the purpose of making said preparation; that this affiant is informed, and on such information makes affidavit, that the said Thomas A. Thompson and his servants aforesaid did, at the time mentioned, enter upon said land and cut and rack a considerable quantity of fuel wood for use at the phosphate mine of the said Thomas A. Thompson, near by; that the said Thomas A. Thompson and his servants entered said land without protest from anybody; that at the time of going upon said land in the said month of April, 1912, it was found that some one had strung two strands of barbed wire around a part of said section, but said barbed wire was insecurely fastened and down in a great many places; that upon investigation by this affiant it was ascertained that the complainant in this cause had procured a quit-claim deed from the executors of one Mary H. Basnett, and were claiming title to said section; that within a reasonable time after acquiring such information this affiant, acting for said Drew Lumber Company, did cause to be filed in the Circuit Court of Suwannee County, Florida, a Bill of Complaint alleging the record title to said land in said Drew Lumber Company, and praying for the cancellation of said quit-claim deed as a cloud upon its title; that said suit has been prosecuted with reasonable diligence, and within a short time will be ready for submission to this court for final argument and disposition; that subsequent to the filing of said suit the complainant did unlawfully trespass upon said land and did erect thereon a shanty or house, at a cost of, to-wit: Fifeen or Twenty Dollars; that said complainant did further trespass upon

said land and drive thereon a pump; that the complainant did further trespass upon said land and undertake to patch up the said two strands of barbed wire, and affiant denies that the said complainant has built a substantial enclosure around said land, but on the other hand avers that the only enclosure that has every been placed around said land, or any part thereof, by the said complainant, is two strands of barbed wire insecurely fastened and down in a great many places; that this affiant, either individually or as President of the said Drew Lumber Company, did not as alleged in the Bill of Complaint herein, hire a bunch of men to go on said land in the night time of the 28th day of December, 1912, and to tear down the said house, nor did this affiant, either individually or as President of said Drew Lumber Company, hire or procure any men to go upon said land and cut or mutilate any fence, but on the other hand this affiant says that on the 24th day of December, 1912, he did, as President of said Drew Lumber Company, write to Mr. James Terry a letter of instructions with reference to said land, authorizing and directing the said Terry to permit anyone designated by the said Thomas A. Thompson, or his superintendent or agent, to cut and rack wood, clear land or do any other work thereon, and to prevent any other person or persons from committing any act of trespass on said land; that other than said letter this affiant never, either individually or as President of said Drew Lumber Company, hired, procured or authorized or directed any action with reference to said lands.

This affiant further says that it is not true that the said Drew Lumber Company is an insolvent corporation and has been out of business for years and has no visible property, but on the other hand this affiant says that said Drew Lumber Company, is solvent, is still engaged in

active business and has visible property; that the said Drew Lumber Company is the owner, in fee simple, of about six thousand acres of land lying in the counties of Suwannee and Columbia; that about three thousand acres of said land is the land which it has contracted to sell to the said Thomas A. Thompson for the sum of Fifty Thousand Dollars; that the remaining lands of said company are valuable and unencumbered.

This affiant further says that it is not true that he individually is insolvent, but on the other hand this affiant avers that he is worth in his own right upwards of the sum of Two Hundred Thousand Dollars ($200,000) in property in the State of Florida.

Sworn to and subscribed before me this 14th day of Jan. A. D. 1913.

Geo. L. Drew.

Gertrude Dzialynski, Notary Public, State of Florida. My commission expires November 6, 1916. (SEAL)"

"STATE OF FLORIDA,
HAMILTON COUNTY.

On this day personally appeared before me, an officer authorized to administer oaths in the State of Florida, George L. Drew, who being first duly sworn, deposes and says: That he is the President of the Drew Lumber Company, a corporation, one of the defendants in the above styled cause; that in the year 1903, he did as President of said Drew Lumber Company, employ one A. Lee Humphreys to compile, from the public records of Suwannee County, Florida, an abstract of title to Section 27 Township 5 South, Range 15 East; that said abstract of title

was compiled by the said A. Lee Humphreys and was certified by the said A. Lee Humphreys as being a true and correct abstract of the title to said land, on the 16th day of November, 1903; that said abstract shows, among other things, the conveyance of said land from one A. B. Hawkins as Trustee, to one Arthur D. Basnett; that said abstract further shows a mortgage from Columbia City Land and Lumber Company to T. S. Wilmarth and said abstract further shows the conveyance of said lands by one Wm. H. Baker, as Special Master in Chancery, to the said T. S. Wilmarth; that said abstract further shows the further conveyance of said land from the said T. S. Wilmarth to Drew Lumber Company.

And this affiant further says that the said Arthur D. Basnett above referred to, did convey the said land by warranty deed to one George F. Drew, and the said George F. Drew did convey the said land by warranty deed to Columbia City Land and Lumber Company; that the said deeds embraced and conveyed, in addition to the said land, other lands lying and being in the County of Columbia and State of Florida, and that by oversight the said deeds were not recorded in Suwannee County, but were recorded in Columbia County; that the said Arthur D. Basnett, above referred to, died many years ago, leaving a will by which he devised all of his real estate, without particular description, to his widow, Mary H. Basnett; that during the lifetime of the said Mary H. Basnett she did not undertake to convey the said property, nor did her executors or anyone acting for her undertake to convey said property; that the said Mary H. Basnett is long since deceased, leaving a will under which J. D. Fernande and J. H. Douglas are executors; that the said A. Lee Humphreys, acting as President of the complainant corporation, and with notice of said Drew Lumber

Company's title to said land, did, prior to the 20th day of September, 1911, visit the attorney for the said executors in the City of Jacksonville, Duval County, Florida, and through said attorney procure from said executors a quitclaim deed purporting to convey the interest and estate of the said Mary H. Basnett in the said land; that the only consideration received by the said executors for the quitclaim deed was the sum of $250.00, and the said lands were worth, to-wit: $50,000.00.

Sworn to and subscribed before me this 17th day of January, 1913.

Geo. L. Drew.

M. P. Hunter, Clerk of Circuit Court in and for Hamilton County.
(Seal of Circuit Court.)"

This motion to dissolve was upon the following grounds:

"Now come the defendants and move the court to dissolve the temporary injunction heretofore granted in this cause, and in addition to the grounds set forth in the motion to dissolve the temporary order granted by the Court Commissioner on the original bill, assign as further grounds for the dissolution of said injunction continued in force after the filing of the amended bill and the amendment to the amended bill, the following:

1. That the defendants' motion to dissolve the temporary injunction allowed by the Court Commissioner on the original bill should have been granted.

2. That complainant's motion for leave to file the amended bill should not have been granted without notice to the defendant.

3. That complainant's motion for leave to file an

amendment to the amended bill should not have been granted without sufficient notice to the defendants.

4. That the original bill states no cause for equitable relief.

5. That the amended bill states no cause for equitable relief.

6. That the amended bill as amended states no cause for equitable relief.

7. That the temporary injunction granted without bond of indemnity, in violation of the statute, is void.

8. That the granting of the motion for leave to amend the temporary injunction by filing an indemnity bond did not give life to the void order theretofore granted without bond.

9. That there is no authority for the granting of a restraining order or continuing such order in force and allowing complainant time to file an indemnity bond.

10. That it appears from the bill of complaint that the complainant has adequate remedy at law.

11. That it appears from the evidence before the court that complainant has adequate remedy at law.

12. That a temporary injunction is not properly granted or continued in force where it appears from the evidence before the court that the complainant's title is in dispute.

13. That a temporary injunction is not properly continued in force where it appeasr from the evidence before the court that the complainant was not legally entitled to the possession of the property.

14. That it appears from the evidence before the court that the defendant is solvent and amply able to respond in damages.

15. That it does not appear from the evidence before the court that irreparable injury will result to complain-

ant if the temporary injunction is dissolved and the cause allowed to proceed on its merits.

16. That there is no sufficient evidence before the court from which the court can determine whether the dissolution of the temporary injunction will work irreparable injury to the complainant.

17. That it appears from the amended bill as amended that all of the alleged injuries are susceptible of computation and of compensation in damages.

18. That it appears from the evidence before the court that all of the injuries apprehended are susceptible of computation and of compensation in damages.

19. That it appears from the amended bill as amended that all of the alleged injuries had been committed prior to the filing of the original bill.

20. That it appears from the evidence before the court that all of the alleged injuries had been committed prior to the filing of the original bill."

But the court also denied this motion.

The defendants then moved the court for a modification of the order of injunction so as to limit the same to an enjoining of the defendants from trespassing on the said land by the destruction of trees and timber growing and standing on said land and the removal thereof from said land. This motion was also denied by the court. From these rulings granting the injunction and denying the motions of the defendants for dissolution thereof, and for a modification thereof, the defendants below have taken their appeal to this court, and assign said rulings as error.

TAYLOR, J.—(*after stating the facts.*)

We have no hesitation in saying that the temporary

injunction ordered in this case was improvidently and erroneously granted. The original bill upon which it was predicated complained chiefly of acts of trespass that had already been accomplished when the bill was filed. It is academic that injunction is a preventive remedy and will never be granted where it appears that the acts complained of have already been committed. It states that unless the injunction is granted irreparable injury will result to complainant without stating any facts from which the court can determine the irreparability of the threatened injury. A bill for injunction must state facts clearly and unequivocally and not merely conclusions of law, or the opinions of the pleader in the form of such conclusions of law. Gillespie v. Chapline, 59 Fla. 500, 52 South. Rep. 722. The injunction was further improvidently and erroneously granted without notice to the defendants and without any proper showing to dispense with such notice—and was further erroneously granted without requiring from the complainant the bond requisite in such cases. The following cases decided by this court will be found to sustain the rules above announced: Pensacola & G. R. R. Co. and Atlantic & G. R. R. Co. v. Spratt, 12 Fla. 26; Freeman v. Timanus, 12 Fla. 393; Smith v. Davis, 22 Fla. 405; Indian River Steamboat Co. v. East Coast Transportation Co., 28 Fla. 387, 10 South. Rep. 480. The bill as originally filed was defectively verified also in that it was verified on information and belief without any accompanying affidavit from the source of such information, if any, as to the truth thereof. Ballard v. Eckman & Vetsburg, 20 Fla. 661; Ruge v. Apalachicola Oyster Canning & Fish Co., 25 Fla. 656, 6 South. Rep. 489. The bill as originally filed was without equity, and as first amended was also without equity and did not justify the granting of an injunction either temporary or permanent,

and the court erred in denying both of the defendants motions to dissolve the same. Hall v. Horne, 52 Fla. 510, 42 South. Rep. 383. The last amendment to the amended bill seems to have come in as an afterthought after the defendants had fully answered the bill as first amended and interposed a demurrer thereto on the ground of a want of equity, and without any prayer for injunction to restrain the new acts of alleged threatened trespass brought in by this amendment to the amended bill. It is apparent to us from the whole record in the case that the litigation is an attempt upon the part of the complainants to utilize the preventive remedy of the court of equity by injunction to acquire and retain possession of realty, to which, as shown by the verified proofs in the record, they have no other title than a quit-claim deed from parties who had no title to convey by quit-claim or otherwise.

The orders of the court appealed from are hereby reversed with directions to dissolve the injunction and to dismiss the bill.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.