TRUST COMPANY OF FLORIDA and MARION MORTGAGE COM-
PANY, *Appellant,* v. DAVID N. CRIDER, and/or BELLA C.
CRIDER, either or the survivor, as joint tenants, not as
tenants in common, and W. H. MARSHALL, for them-
selves individually and for and on behalf of all holders
and owners of bonds of the Marshall Hotel Building,
Fort Lauderdale, Florida, *Appellees.*

136 So. 434.

En Banc.

Opinion filed July 28, 1931.

*Mitchell D. Price* and *Redfearn & Ferrell*, for Appellants; *Rosenhouse & Rosenhouse*, for Appellees.

BUFORD, C.J.—This is an appeal from the order of the chancellor granting a mandatory injunction without notice on a bill of complaint verified upon information and belief in which insolvency of the defendants was not alleged and which mandatory injunction required:

"1. That the defendants, and each of them, and their officers, agents and servants, jointly and severally, are hereby ordered and directed to forthwith pay into the registry of this Court the sum of $21,545.01 derived from the sale of the Marshall Hotel Building, Fort Lauderdale, Florida, under final decree of this Court, dated May 9, 1929, or else show cause before the undersigned Judge of the Court on the 22nd day of Sept., at 10 o'clock A. M. at the Court House in Broward County, Florida, in the City of Fort Lauderdale, Florida, why you and each of you should not be adjudged in contempt thereof for failure so to do.

2. It is further ordered and adjudged that you and each of you jointly and severally forthwith pay into the registry of this Court the sum of $127,904.84 derived from the sale of bonds of the Marshall Hotel Building, Fort Lauderdale, Florida, or else show cause before this Court on the 22nd day of Sept. 1930, at 10 o'clock A. M. in the Court House of Broward County, Florida, in the City of Fort Lauderdale, Florida, why you and each of you should not be adjudged in contempt thereof for failure so to do.

3. It is further ordered and adjudged that you and each of you file the names and addresses and the amounts of the holders and owners of bonds of the Marshall Hotel Building, Fort Lauderdale, Florida, forthwith in this Court or else show cause before the undersigned Court and the Judge at the Court House in Broward County,

Florida, in the City of Fort Lauderdale, Florida, on the 22nd day of Sept., 1930, at 10 o'clock A. M. why you and each of you should not be adjudged in contempt of court for failure so to do.

4. It is further ordered and adjudged that you and each of you are hereby enjoined and restrained until the further Order of this Court from assigning, transferring, selling, hypothecating or otherwise disposing of any of moneys or property, either real or personal, until the said sum of $127,904.84, as well as the sum of $21,545.01 is placed in the registry of this Court in accordance with the rule herein issued.''

The 5th paragraph of the Order provided:

"It is further ordered and adjudged that the above injunction issue upon the Complainant and/or Complainants filing bond in the sum of $2000.00 conditioned to pay all costs, damages and expenses that the Defendants may be put to by virtue of the wrongful issuance of said injunction.''

It appears from the bill of complaint that there was no unity of interest between W. H. Marshall and the other complainants. The cause of action of W. H. Marshall, if he has any, is entirely separate and distinct from the cause of action of the other complainants, if any cause of action they have.

Four questions are presented for our consideration: 1st. "Was it proper for the chancellor in the lower court to grant an injunction on the bill of complaint in this cause without requiring the same to be verified positively instead of on information and belief?''

2nd. "Was it proper for the chancellor in the lower court to grant a preventive injunction without notice, where the insolvency of the defendants had not been alleged, and no reasons had been set forth why the complainant did not have an adequate remedy at law?''

3rd. "Should the chancellor have granted a mandatory injunction in this cause before final decree?''

4th. "Is it proper to grant any injunction relief in a bill of complaint which is multifarious?''.

This court has repeatedly held that not only must the allegations of a bill for injunction be clear, direct and positive, but they must also be verified by an affidavit which must be direct and positive and if any of the material allegations contained in the bill of complaint are stated on information and belief there should be annexed to and presented with the bill of complaint the affidavit of the person or persons from whom the information is derived positively averring that the facts alleged upon information are true. See Godwin vs. Phifer et al., 51 Fla. 441, 41 Sou. 597; Drew Lbr. Co. vs. Union Investment Co., 66 Fla. 382, 63 Sou. 836;

Therefore, as the allegations of the bill of complaint are not verified positively as true, injunction should not have issued.

Whether or not there is any equity in the bill as to either of the parties complainant, it is not necessary for us here to determine.

Passing to the third question presented, in the case of Zetrouer vs. Zetrouer, 89 Fla. 253, 103 Sou. 625, which was quoted with approval in Kellerman et al. vs. Chase & Co., filed at the January Term of this Court, it is said.

"It is well settled that mandatory injunctions are rarely granted before final hearing, or before the parties have full opportunity to present all the facts in such manner as will enable the court to see and judge what the truth may be; however, instances are not wanting where relief by mandatoy injunction was granted on the proper showing made, Taylor vs. Florida East Coast R. R. Co., 54 Fla. 635, 45 South. Rep. 574; Florida East Coast R. Co. vs. Taylor, 56 Fla. 788, 47 South. Rep. 345; City of Ocala vs. Anderson, 58 Fla. 415, 50 South. Rep. 572; 14 R. C. L. 317."

The bill of complaint in the instant case utterly fails to allege such a state of facts as would warrant the entry of the mandatory orders above quoted without notice and without evidence upon which to base the same. In Florida

East Coast R. Co. vs. Taylor, 56 Fla. 788, 47 Sou. 345, it is said:

> "Except in rare cases, where the right is clear and free from reasonable doubt, a mandatory injunction, commanding the defendant to do some positive act, will not be ordered until after final hearing, and then only to execute the judgment or decree of the court."

The mandatory orders of injunction granted in this case were not issued for the purpose of enforcing any decree of the court which had been previously entered, nor were they issued to protect any of the rights of the parties which had been adjudicated and determined after hearing. They were granted and issued on a bill of complaint without notice and without proof of the allegations of the bill of complaint, except such proof as was made by affidavits which affidavits verified the allegations of the bill of complaint to be true and correct to the best of the knowledge, information and belief of the affiant.

The fourth question raised is whether or not it was proper for the order to be granted in view of the fact that the bill of complaint was multifarious. In Murrell vs. Peterson, et al., 57 Fla. 480, 49 Sou. 31, it is said:

> "While the rule as to multifariousness may, generally speaking, be said to be 'one very much of convenience', and while there may not be 'any positive inflexible rule as to what, in the sense of a court of equity, constitutes multifariousness, which is fatal to a suit on demurrer', yet, broadly speaking, multifariousness in a bill may be defined as 'the improperly joining in one bill distinct and independent matters and thereby confounding them'. There are at least two general and distinct forms of multifariousness, one consisting in uniting in the same bill distinct and disconnected subjects, matters on causes, the other consisting in joining in the same suit, either as complainants or defendants, parties who are without a common interest in the subject of the litigation and have no connection with each other. Whenever multifariousness plainly appears in a bill it is ground for demurrer.".

As heretofore observed, there is no unity between the cause of action accruing to W. H. Marshall, if any, and the cause of action of the other complainants named in the bill of complaint and for this reason the cause of action of Marshall and the cause of action of the other complainants should not be joined and maintained in one and the same suit. The bill is multifarious and there is a misjoinder of parties.

Because of the errors pointed out, the order appealed from should be reversed. It is so ordered.

Reversed.

WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS, BROWN, J.J., concur specially.

BROWN, J., Concurring:—If the order has otherwise been justifiable, I do not think the alleged multifariousness of the bill would have rendered it erroneous. That question could have been later raised in due time and manner. But I concur in the holding that the allegations of the bill in this case did not by a sufficient predicate for the granting of the mandatory injunction and also I concur in the reversal of the order appealed from, for the reasons stated in the opinion.

ELLIS, J., concurs.