KILGORE GROVES, Inc., v. NATHAN MAYO, as Commissioner of Agriculture.

187 So. 256.

En Banc.

Opinion Filed March 8, 1939.

*C. E. Ware, J. Locke Kelly, Ben Krentzman, W. B. Dickenson, Sr.* and *S. Whitehurst's Sons,* for Appellant;

*George Couper Gibbs,* Attorney General, *H. E. Carter,* Assistant Attorney General, *Mabry, Reaves, Carlton & White* and *Zewadski & Pierce,* for Appellee.

THOMAS, J.,—The complainant exhibited its bill of complaint against the Commissioner of Agriculture, alleging in substance that the latter, through his representatives had seized citrus fruit of the former because of the presence in the fruit of arsenic contrary to the provisions of certain laws set out in the pleading.

In the bill it is denied that any law has been violated, and the method used by defendant's chemist in his search for arsenic content is challenged in these words:

" * * * Plaintiff verily believes that such an analysis was made of the rind or peel of the samples taken from said 25 boxes of oranges and that said chemical analysis does not

prove that said oranges contains arsenic sprayed thereon in violation of the Arsenical Spray Law of Florida."

Particular reference is made to an actual seizure of twenty-five boxes of oranges and the anticipated destruction of the remainder of the crop.

The relief prayed is injunction.

A temporary writ was issued by the court without notice, February twenty-second, and dissolved five days later when the bill was, by the same order, dismissed. From this decree appeal was taken.

It is attempted by appellant to secure in this appeal an interpretation of the law regulating the confiscation of fruit found to contain arsenic, however, we cannot, in the present state of the pleadings, adjudicate the propositions presented.

The affidavit attached to the bill of complaint was signed by the president and general manager of complainant corporation, who stated therein,

"That he has read the foregoing Bill of Complaint and that the matters and facts set forth are true except those facts which are set forth on information and belief and those he believes to be true."

The verification, in order to form a foundation, for a temporary injunctive order, must be direct and positive, and if any material averment is stated on information and belief there must be attached the affidavit of the person from whom the information was obtained. See Trust Co. of Florida v. Crider, 102 Fla. 593, 136 South. Rep. 434, citing Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597, and Drew Lumber Co. v. Union Inv. Co., 66 Fla. 382, 63 South. Rep. 836, where is found the following language:

"The bill as originally filed was defectively verified also in that it was verified on information and belief without any accompanying affidavit from the source of such information, if any, as to the truth thereof," 66 Fla. text 403.

Eliminating from the pleading the conclusions and statements given on information and belief, we feel that it is not of sufficient strength to support the injunction issued upon it.

The restraining order was granted without notice to the defendant, the only relevant part of the bill giving excuse for this failure being the statement:

"That owing to the above and foregoing facts and eminent danger of irreparable loss to Plaintiff it is impractical and impossible for this Plaintiff to serve a *reasonable legal* notice upon said Defendant of this application for temporary restraining order and this Plaintiff has *reason to believe* and believing thereupon alleges; that long before the expiration of the time for serving of a reasonable legal notice of this application shall expire the said Defendant will have condemned and destroyed the aforesaid 25 boxes of citrus fruit to the irreparable damage of this Plaintiff." (Italics are supplied.)

It will be noted that the anticipated result of notice was the condemnation and destruction of "the * * * 25 boxes" and that no reference is made to the remainder of the fruit described in the pleadings.

Among the grounds of the motion to dissolve is the one that there was no justification for "granting of a restraining order without notice, or at all," and that it was improvidently issued. In his final order the judge recited the failure of notice and the improvidence of the injunction.

Section 73 of the 1931 Chancery Act makes it necessary that the Circuit Judge be satisfied that sufficient notice of the application has been given and no injunctive order "shall be granted without such notice, unless it is manifest * * * from the sworn allegations * * * that the injury * * * will be done if an immediate remedy is not afforded."

In the instant case the Chancellor decided that he acted

improvidently when he rendered the preliminary order, and we think he was correct in his subsequent action dissolving the injunction because of absence of a proper affidavit and the failure to give notice or account for not doing so.

"To justify the granting of an injunction *ex parte* and without notice the allegations of the sworn bill or accompanying affidavit must state facts showing how and why the giving of notice will accelerate or precipitate the injury complained of from which the court can determine for itself whether the giving of notice will, or is likely to, so result, and such facts must make it manifest to the court that the giving of notice of the application will, or is likely to, have such result." 51 Fla. text 452.

We believe that there was sufficient equity in the bill to withstand a motion to dismiss, so it is ordered that the order of dissolution be affirmed and the order of dismissal be reversed with directions to the Chancellor to fix a time for further pleadings in the cause.

TERRELL, C. J., and WHITFIELD, and CHAPMAN, J. J., concur.

BROWN and BUFORD, J. J., dissent in part.

BUFORD, J., (dissenting in part) I concur in the conclusion reached in the opinion prepared by Mr. Justice THOMAS that the bill of complaint contains equity and that the Chancellor committed error in dismissing the same.

It is my opinion that "eliminating from the pleadings the conclusions and statements given on information and belief" there are sufficient allegations in the bill of complaint to support the injunction insofar as the same applied to the twenty-five boxes of fruit already gathered and in the warehouse, because those allegations are sufficient to show that without the intervention of injunction such fruit would be

destroyed and the complainant would have no recourse for damages resulting by reason of such destruction.

From the above stated conclusion it necessarily follows that the order, insofar as it vacated the injunction against the destruction of this particular fruit, was erroneous and to that extent should be reversed.

I also think it should be made clear that the Chancellor has leave to consider and act upon application of complainant to amend the bill of complaint, should it be advised to do so.

BROWN, J., concurs.