A. I. HOGEBOOM, *et al., Appellants,* v. CHARLES S. ANDERSON, *Appellee.*

## Opinion filed Nov. 19, 1915.

1.  While the findings and conclusions of a chancellor, where the evidence is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

2.  In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows it to be erroneous.

3.  Where the testimony is conflicting but there is evidence to support the finding of the chancellor, the decree will not be reversed on the evidence.

4. Where a bill in equity alleges that the complainants are seized and possessed of certain described lands and it is sought to restrain the defendant from trespassing upon such lands, and the defendant's answer denies such seizin and possession by the complainants and other material allegations in the bill, it is incumbent upon the complainants to establish their title to the lands and their right to relief by competent evidence, and where at the final hearing upon the pleadings and proofs the Circuit Judge renders a final decree in favor of the defendant and dismisses the bill, stating in such decree that he was of the opinion that "the complainants failed to prove such title or right in them as justified an injunction against the acts alleged in the bill sought to be done by the defendant," an appellate court will not reverse such decree, unless such findings by the Circuit Judge are clearly shown to be erroneous.

Appeal from Circuit Court, Bay County; J. Emmett Wolfe, Judge.

Decree affirmed.

*Will H. Price,* for Appellants;

*Paul Carter,* for Appellee.

SHACKLEFORD, J.—A. I Hogeboom, A. J. Gay and W. W. Green filed their bill in chancery against Charles S. Anderson, in which the complainants alleged that they were seized in fee of a certain described parcel of land lying on the bay shore and under the waters of St. Andrews Bay; that the defendant claimed the ownership of certain described lots which lie contiguous to the land of the complainants; that the defendant in the night time, without the consent or knowledge of the complainants,

with a large number of employes and agents, entered up-
on the land of the complainants and proceeded to con-
struct a wharf and were engaged in continuing such con-
struction, and that the defendant had announced that it
was his intention to continue such construction and also
to construct a privy upon such wharf; that such privy, if
so constructed, would be directly over and upon the
grounds of complainants now used by them for public
bathing purposes; and that the defendant, during the
same night, also constructed a wire fence along the wa-
ter front, from one and a half to two feet from the wa-
ter's edge, extending from one of the complainant's
wharves to another wharf also owned by them, thereby
obstructing the complainants' right of access from the
complainants' land to the waters of the bay, except over
and upon their own wharves.

The foregoing is a very succinct statement of the al-
legations in the bill. The relief sought was a restraining
order, a perpetual injunction and general relief.

The defendant filed his answer in which he denied
material allegations of the bill which were essential to en-
title the complainants to the relief sought. A restrain-
ing order was granted in accordance with the prayer of
the bill. The testimony was taken before a special mas-
ter or examiner and the cause came on for a final hear-
ing upon the pleadings and the testimony so taken, which
resulted in a decree being rendered in favor of the de-
fendant and the dismissal of the bill of complaint, the
Circuit Judge stating in such decree that he was of the
opinion that "the complainants failed to prove such title
or right in them as justifies an injunction against the acts
alleged in the bill sought to be done by the defendant."

From this decree the complainants have entered their

appeal and have assigned two errors, which are as follows:

1st.   "The court erred in its finding that the complainants had failed to prove such title or right in them as justifies an injunction against the acts alleged in the bill sought to be done by the defendant."

2nd.   "The court erred in dismissing complainants' bill of complaint and dissolving the temporary injunction granted in this cause."

Several interesting legal points are argued in the briefs, but we are precluded from considering or passing upon them for the reason that we can not hold the Circuit Judge in error in finding that the complainants had failed to prove their title to the land in controversy. As we held in Millinor v. Thornhill, 63 Fla. 531, 58 South. Rep. 34, wherein we followed a number of prior decisions of this court, "While the findings and conclusions of a chancellor, where the evidence is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

"In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows it to be erroneous.

"Where the testimony is conflicting but there is evidence to support the finding of the chancellor, the decree will not be reversed on the evidence."

We have carefully read all of the evidence adduced

and, so far as we can determine from the transcript of the record, which is somewhat confused and not as carefully prepared as it might have been, we are of the opinion that the conclusion reached by the Circuit Judge that the complainants had failed to prove their title, is correct. We do not see wherein a discussion of the evidence would prove profitable. Suffice it to say that both the complainants and the defendant claim title under Green B. Thompson, who derived his title through a patent issued by the United States, but it is not made to appear that the land in controversy formed part of the Government lots described in such patent. No official plat of the lands described in the patent appears in the transcript, nor does the evidence show whether such lands extended to or into the waters of St. Andrews Bay. Obviously, unless Thompson had title himself, he could convey no title.

It follows that the decree must be affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.