ETHELYN NEEF BISHOP, *et vir,* v. FIRST OLD STATE BANK, an Indiana Corporation

194 So. 488
Division B
Opinion Filed March 1, 1940
Rehearing Denied March 25, 1940

*Leland Hyzer,* for Appellants;

*Stapp, Ward & Ward,* for Appellee.

CHAPMAN, J.—The record in this case discloses that prior to April 2, 1928, Ethelyn R. Neff owned sixty acres of land situated outside of an incorporated city or town, and on November 4, 1930, established her residence in Florida and was domiciled on the aforesaid sixty acres from November, 1930, to February 1, 1939, the time of the filing of this bill of complaint. On December 26, 1935, she married William D. Bishop and the parties made the property their homestead. On January 31, 1936, Ethelyn R. Neff Bishop, joined by her husband, William D. Bishop, by warranty deed conveyed said land to William Henry Wells and Lotta Wells and on the same day the land was

reconveyed by W. H. Wells and Lotta Wells to William D. Bishop and Ethelyn Neff Bishop, his wife, as tenants by the entireties.

On June 3, 1937, the First Old State Bank acquired a judgment against Ethelyn R. Neff on an indebtedness created on April 2, 1928. On a rule *nisi* issued out of the Civil Court of Record for Dade County an order dated December 16, 1938, directed that the deeds by which the estate by the entireties was created were null and void, and further directed than an execution issue and a levy be made upon the sixty acres of land. On February 1, 1939, appellants filed in the Circuit Court of Dade County, Florida, their bill of complaint praying that a decree be entered exempting the sixty acres of land from forced sale under the process of any court on the ground that the same was the homestead of the parties, and that the Sheriff of Dade County, Florida, be temporarily restrained from selling the homestead under the execution issued under the judgment of the First Old State Bank.

The defendant, through counsel, filed a motion to dismiss the bill of complaint on the ground that the same contained no equity, and the lower court entered an order denying the application for a temporary restraining order and entered an order granting the motion to dismiss the bill of complaint. An appeal has been perfected to this Court and the order denying the temporary restraining order, as well as the order dismissing the bill of complaint, are each assigned as error.

It is contended here that the lower court erred in its failure to make and enter a restraining order enjoining the Sheriff of Dade County, Florida, from selling the property described in the bill of complaint and from sale on the execution issuing out of the Civil Court of Record of Dade County, on the theory that the plaintiff Ethelyn Neff

Bishop was the head of a family and that the sixty acres of land upon which she and her husband resided was their homestead and was exempt from forced sale under Article X, Section 1, of the Constitution of Florida. The record shows that suit was pending in the Civil Court of Record of Dade County at the time of her marriage and judgment was acquired sometime after her marriage on the ante nuptial obligation dated in April, 1928.

It is well established law that the allowance of a temporary injunction rests in the sound judicial discretion of the trial court, guided by the rules and principles of equity jurisprudence arising from the facts of the particular case. See Gillis v. State Live Stock Sanitary Board, 94 Fla. 890, 114 So. 509; McMullen v. Pinellas County, 90 Fla. 398, 106 So. 73. This Court, in reviewing an order of the Chancellor denying a temporary restraining order or injunction, will not reverse the same unless it clearly appears that there has been an abuse of judicial discretion. See Simms v. Patterson, 53 Fla. 984, 43 So. 421; Hogeboom v. Anderson, 70 Fla. 393, 70 So. 312. We fail to find an abuse of discretion on the record in this cause.

It is next contended that Ethelyn Neff Bishop is the head of a family within the meaning of the homestead provision of the Constitution and that it was error on the part of the lower court to enter an order dismissing the bill of complaint. It can be readily inferred from the allegations of the bill of complaint that the judgment in question rests on an ante nuptial obligation created during the year 1928 in the State of Indiana, and her claims as to being the head of a family came into existence after her marriage. The law requires a liberal interpretation of the homestead laws. This rule can be followed here but there is not an allegation in the bill of complaint sufficient in law to show that Ethelyn Neff Bishop was the head of a family within the

meaning of Section 1, Article X of the Constitution of Florida. We fail to find error in the record.

The order or decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.