**WILLIAM W. STANTON v. WILLIAM P. HARRIS, CHARLES BALIK and HARRY SALUS, representatives.**

13 So. (2nd) 17                                           January Term, 1943
April 16, 1943                                                    Division B
Rehearing Denied May 4, 1943

*J. F. Gordon* and *L. G. Egert,* for petitioner.
*Marx Feinberg,* for respondent.

SEBRING, J.:

Plaintiffs filed their bill of complaint seeking injunctive relief against the defendants. William W. Stanton, one of the defendants, filed his motion to dismiss on the ground that there was no equity in the bill. After argument, the trial court entered an order denying the motion to dismiss. The cause is now before us on petition for an interlocutory certiorari to review the order.

From what we can gather from the bill of complaint, it seems that the plaintiffs, and at least 500 other persons whose interests they purport to represent in this suit, were members in good standing of a local carpenters union in Dade County. As such members they attempted to vote at an election held

by the Carpenters District Council of Miami, Florida, for the purpose of electing a business agent. They were denied the right to participate in the election on the ground that they had not been members of their local union for at least 12 months prior to the election.

The Carpenters District Council of Miami is composed of delegates elected from the Local Unions under its jurisdiction. The Constitution of the organization confers on the Council "legislative and executive powers on all matters relating to the general interests and welfare of [the] Local Unions and their members." It also gives the Council the power "to frame working and trade rules and other laws and rules and the enforcement of same for the benefit of the organization in [the] district."

The Constitution of the United Brotherhood of Carpenters and Joiners of America—the parent organization—gives to the district councils the right to make and enforce all necessary laws for local unions and district councils that do not conflict with the laws of the international body. It likewise gives to the general president of the United Brotherhood the power to decide all points of law, appeals and grievances.

Neither the constitution, by-laws, or rules of the district council, nor of the United Brotherhood, prescribe the voting qualifications for members in an election of a business agent.

Prior to the election in question the district council received a telegram from the office of the general president urging that for the best interests of the Brotherhood selection of local representatives should be made only by members who had held membership for one year or more in the local unions within the district. Apparently the members of the local district council saw fit to follow this recommendation, for only members who had held membership for such period of time were allowed to vote.

Plaintiffs "believe" that the telegram was solicited and procured by the defendant Stanton, who was then a candidate for the position of business agent, for the purpose of excluding them from voting, fearing that if they were allowed to do so they would be successful in their efforts to defeat him.

As a result of the actions of the district council in refusing them the right to cast their ballot, a fellow member, whose candidacy they had espoused in opposition to Stanton, did not get the benefit of their support, and Stanton was elected. They are of the opinion that had they been allowed to vote they could have mustered enough strength to have put their own man in office.

The bill prays that the election be set aside as a fraud on the rights of the plaintiffs, and those whom they represent, and that a new election be held.

It appears to us that this is nothing more than an internal dispute between members and officers of a trade union, concerning which a court of equity should not interfere. As we view the bill of complaint in its present condition, it is entirely void of any allegations of ultimate fact showing either that a property right has been violated or that there has been collusion, fraud, or arbitrariness in the proceedings. Neither is it shown that the complaining members have made any valid attempt, either in conformance with the provisions of the constitution of the district council, or of the United Brotherhood, to exhaust their remedies within the union; nor can we assume, in the absence of allegations of ultimate fact to the contrary, that the pursuit of such remedies will not bring relief, if a proper case for relief is presented.

Before one may have injunctive relief in a court of equity, he must make a case by his bill of complaint showing a clear right to the relief sought. This has not been done. Vague allegations of opinions or conclusions are not sufficient, even though such allegations may "suggest" equities which, if properly pleaded, might, under some circumstances, authorize equitable relief. The bill of complaint was without equity, and the motion to dismiss should have been granted.

An interlocutory writ of certiorari will issue, and the order denying the motion to dismiss the bill of complaint is quashed,and the cause remanded for appropriate proceedings.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.