118 So.2d 541 (1960)
David Walton CRAMP, Jr., Appellant,
v.
BOARD OF PUBLIC INSTRUCTION OF ORANGE COUNTY, Florida, Appellee.
Supreme Court of Florida.
March 4, 1960.
*542 Howard W. Dixon and Tobias Simon, Miami, for appellant.
J.R. Wells and Allen K. McCormick of Maguire, Voorhis & Wells, Orlando, for appellee.
THORNAL, Justice.
Appellant Cramp, who was plaintiff below, seeks reversal of an order of the Chancellor denying a temporary injunction.
We must determine whether the record reveals that the Chancellor clearly abused his judicial discretion in denying the application for the temporary restraining order.
Appellant Cramp is a teacher in the Orange County Public School System. He has been such for approximately nine years. Recently, the appellee Board of Public Instruction discovered that appellant had never subscribed to the so-called loyalty or non-communist oath required of all public officials and employees by Section 876.05, Florida Statutes, F.S.A. He was requested to do so. Mr. Cramp complains that the requirement of this oath encroaches upon certain basic freedoms guaranteed to him *543 by the First and Fourteenth Amendments to the Constitution of the United States, and by Sections 12, 13, and 15, of the Declaration of Rights, and Section 2, Article XVI, of the Constitution of the State of Florida, F.S.A. He filed a complaint in the Circuit Court seeking a declaratory decree defining his rights in the premises. Chapter 87, Florida Statutes, F.S.A. As an incident to the main relief he sought a temporary restraining order to prevent the defendant school board from dismissing him from employment pending ultimate determination of his rights. By the allegations of the sworn complaint, Mr. Cramp, in actuality, affirmed each and all of the statements required by Section 876.05, supra. He alleges that his refusal to subscribe to the oath is not grounded on any fear of the penalties provided by law for false oath. In other words, he does not claim any privilege against self-incrimination. He merely asserts by his complaint that the requirement of the oath as a condition precedent to public employment impinges on his freedom of association, as well as on his freedom of speech and the privilege of advocating ideas secured to him by the First Amendment to the Constitution of the United States. State action encroaching upon First Amendment freedoms is proscribed by the due process provisions of the Fourteenth Amendment.
The Chancellor denied appellant's request for a temporary injunction. He also denied an application for a stay of the proceeding pending interlocutory appeal. We in turn granted appellant's application for a stay order pending our consideration of the merits of this interlocutory appeal. This is a power we enjoy as ancillary to our appellate jurisdiction. Article V, Section 4, Florida Constitution.
Appellant here contends that there is a reasonable probability that Section 876.05, Florida Statutes, F.S.A., is unconstitutional and that for this reason the Chancellor should have granted the requested temporary injunction.
The appellee contends that there is no probability of a holding to the effect that the statute is unconstitutional. It further relies on the proposition that the appellant has failed to demonstrate a clear abuse of discretion by the Chancellor.
We have taken jurisdiction of the interlocutory appeal under that provision of Article V, Section 4, Florida Constitution, pursuant to which we may directly review "interlocutory orders or decrees passing upon chancery matters which upon a final decree would be directly appealable to the supreme court." The order denying the temporary injunction did not in and of itself pass upon the validity of a statute or construe a controlling provision of the Constitution. It was nevertheless an interlocutory step in a proceeding in which the ultimate determination of the validity of the statute involved is absolutely inescapable. Under the quoted provision of the Constitution, our jurisdiction to review interlocutory orders may be made to appear from the language of the order itself. For example, a Chancellor might pass upon the validity of a statute or construe a controlling provision of the Constitution in the interlocutory order. This was the type of situation presented to us in City of Miami v. Aronovitz, Fla., 114 So.2d 784. We also have jurisdiction to review interlocutory orders when the record presented reveals, as it does here, that the jurisdictional factor so permeates the entire proceeding that the trial judge inescapably must ultimately enter a final decree which would be directly appealable to this Court. There must be no alternative to the proposition that a directly appealable decree will essentially and beyond all question be the final result of the proceeding.
The reason for this provision in our Constitution simply is to enable this Court to take jurisdiction of the interlocutory aspects of a case which clearly and beyond all doubt will necessarily be appealable directly to this Court upon the entry of the final decree.
*544 Having disposed of the jurisdictional matter we proceed to the merits of the appeal. The appellant has failed completely to demonstrate a clear abuse of discretion by the Chancellor. He must do this if he is to justify our reversal of the order denying the injunction. Paramount Enterprises v. Mitchell, 104 Fla. 407, 140 So. 328; Bishop v. First Old State Bank, 142 Fla. 190, 194 So. 488; Shaw v. Palmer, 54 Fla. 490, 44 So. 953; City of West Palm Beach v. Eppelman, 132 Fla. 686, 181 So. 894.
The record comes here merely on the complaint and the order under attack. No testimony was taken. We must, therefore, look to the allegations of the complaint to determine whether they reveal justification for the relief sought by the appellant.
It has been consistently held that in order to support the granting of a temporary restraining order, the allegations of the complaint must be clear, distinct, and unequivocal. The plaintiff by his complaint must likewise clearly demonstrate that irreparable injury would follow the denial of the injunction. Interstate Lumber Co. v. Fife, 70 Fla. 178, 69 So. 715; Drew Lumber Co. v. Union Inv. Co., 66 Fla. 382, 63 So. 836; Stanton v. Harris, 152 Fla. 736, 13 So.2d 17; Weissman v. Jureit, 132 Fla. 661, 181 So. 898.
An examination of the complaint in the instant matter shows that it is totally lacking in all of these requirements. The plaintiff did not allege either that he would be discharged or that there had been any threat of discharge following his refusal to subscribe to the oath. He simply stated that he had been requested to subscribe to the oath. He states that he had "been advised" that the oath was a statutory requirement and that upon failure to subscribe to it "he can be immediately discharged." He doesn't even allege the source of this advice. It could have been his own lawyer. He alleges that he "fears" that the defendant Board will discharge him or attempt to discharge him and adds a general allegation to the effect that if discharged, he would suffer irreparable injury. The nature of the injury does not clearly appear.
Measuring the complaint by the decisions which consistently require specific and unequivocal factual allegations demonstrating the necessity for a temporary injunction in order to prevent irreparable injury, the nature of which must also be made clearly to appear, we think the Chancellor was justified in denying the temporary injunction here. In refusing the relief sought by the instant complaint, the Chancellor was not guilty of any abuse of discretion. He acted within the orbit of his discretion in a fashion consistent with established principles of equity. The plaintiff simply failed to plead a case for an injunction.
We are not called uopn to consider the applicability of Section 230.23(5) (h), Florida Statutes, F.S.A., which requires a public hearing pursuant to at least ten days notice in writing before a school teacher can be discharged. We do note in passing that the complaint contains no allegations regarding such notice or such hearing. Neither does it contain any allegation regarding the possibility of suspension pending any such hearing. Also, it is presently unnecessary to consider the constitutionality of Section 876.05, supra. The Chancellor had adequate reasons to deny the temporary injunction without even reaching that point.
We conclude with the observation that our stay order remains effective until our instant judgment becomes final. Rules 3.14 and 3.15, Florida Appellate Rules, 31 F.S.A. During this interval it would appear possible for the parties to proceed with dispatch by obtaining a final ruling of the Chancellor which could then be promptly brought to this Court for expeditious disposition on the ultimate merits.
*545 Finding no abuse of discretion in the denial of the temporary restraining order, said order is hereby affirmed.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, DREW and O'CONNELL, JJ., concur.