HENDRY, Judge.
This is an appeal from an order of dismissal in the Circuit Court of Dade County, Florida, granting appellee’s motion to dismiss appellant’s complaint which asked for injunctive relief. In its complaint appellant alleges, in substance, that the plaintiff is engaged in the business of selling and distributing natural gas within municipalities in Dade County, Florida, and within unincorporated areas in the said county; that defendant is engaged in the business of selling and distributing liquified petroleum gas within the said unincorporated areas in Dade County; that plaintiff is a private company having power to construct and operate gas plants and distribution systems as provided by Sections 180.05 and 180.06, Fla.Stat., F.S.A.; that plaintiff is a public utility within Section 180.07, Fla.Stat., F.S.A., and thereby subject to the rules and regulations of the Florida Rail *837 road and Public Utilities Commission; that plaintiff did construct a system to furnish natural gas within the “certain areas of subdivisions abutting S.W. 92nd Avenue on the East and West sides thereof and lying between S.W. 24th Street and S.W. 56th Street”; that defendant has obtained permits from Dade County for the construction of gas mains in the same area where plaintiff is furnishing natural gas; that such construction by the defendant will defeat the purpose of Section 180.06; that plaintiff has never consented to such encroachment by the defendant; and that the defendant, not being a public utility subject to the rules and regulations of the Florida Railroad and Public Utilities Commission, has no right to undertake the construction of the gas system or the servicing of such system since the same is prohibited by Section 180.06.
Appellee filed a motion to dismiss the complaint on the following grounds:
“1. The complaint fails to state a claim upon which equitable relief can be granted.
“2. It affirmatively appears from the complaint that the area concerned is not within a municipality or the territory immediately adjacent thereto, as required in order to state a cause of action under Florida Statutes 180.06.
“3. It affirmatively appears from the complaint that the plaintiff has no franchise or other property rights required to bring its system within the protection of Florida Statutes 180.06, in the area concerned.
“A. The complaint fails to allege that the plaintiff can suffer any irreparable injury or that the plaintiff’s remedy at law is not adequate.”
The chancellor heard argument on the motion and dismissed the complaint with prejudice. The controlling question is whether the facts alleged in the complaint, as set forth herein, constitute a cause of action under the laws of Florida, entitling the appellant to relief. The appellant relies entirely on the provisions of Section 180.06, Fla.Stat., F.S.A., for the injunctive relief sought. This section provides in part:
“ * * *; provided, however, that a private company or municipality shall not construct any system, work, project or utility authorized to be constructed hereunder in the event that a system, work, project or utility of a similar character is being actually operated by a municipality or private company in the municipality or territory immediately adjacent thereto, unless such municipality or private company consents to such construction.”
Since the appellant relied on a statute for injunctive relief it was necessary that the complaint show a clear right to the relief sought by alleging that all the prerequisite conditions have been complied with or that such conditions exist for the statute to apply. Liquor Store, Inc. v. Continental Distilling Corp., Fla.1949, 40 So.2d 371.
It is clear that the pleadings and the record contain an insufficient description of the territory which plaintiff alleges the defendant has no right to serve; neither does plaintiff allege that it had a franchise from a particular municipality to construct and operate a gas distribution system within the city limits thereof, and that the defendant was attempting either to establish a similar system within the same municipality limits or in the territory immediately adjacent thereto. Accordingly, ft follows that we are unable to determine whether plaintiff is entitled to the protection of Section 180.06, Fla.Stat., F.S.A., which is for the protection of companies already operating “in the municipality or territory immediately adjacent thereto.”
Even if plaintiff has interpreted the statute correctly he has failed to set forth sufficient facts to bring him within the purview of the statute. Therefore, the chan *838 cellor correctly dismissed the complaint for failure to state a claim for injunctive relief. See Stanton v. Harris, 152 Fla. 736, 13 So.2d 17.
Affirmed.