286 So.2d 253 (1973)
CITY OF MIAMI, a Municipal Corporation of the State of Florida, Appellant,
v.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, et al., Appellees.
No. 73-367.
District Court of Appeal of Florida, Third District.
November 27, 1973.
*254 John S. Lloyd, City Atty., and R. Harris Turner, Asst. City Atty., Howard Hadley, Winter Park, Podhurst, Orseck & Parks, Miami, for appellant.
Shutts & Bowen and Eric B. Meyers, Miami, for appellees.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
This is an appeal from a summary judgment for the Florida East Coast Railway as counterclaimant. The issue presented by the counterclaim was the railroad's right to improve its property during the progress of an eminent domain suit brought by the City of Miami. Error is also assigned upon an order denying petitioner's motion to dismiss defendant's counterclaim, and upon an order denying petitioner's motion to stay hearing on defendant's motion for summary judgment. We have examined the points presented in petitioner's argument upon the order denying its motion to dismiss, and we find that no error has been committed. As to the order denying petitioner's motion to stay hearing, we hold that this order is within the bounds of discretion allowed to the trial judge in such matters. See Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126 (1925).
The summary judgment appealed was granted by the trial court upon a holding that the City, having passed a resolution authorizing the issuance of a permit under certain conditions, was estopped to create new conditions after those created by the first resolution had been met. We think that this proposition is fully supported in the law. See Texas Co. v. Town of Miami Springs, Fla. 1950, 44 So.2d 808; City of Hialeah v. Allmand, Fla.App. 1968, 207 So.2d 9; City of Gainesville v. Bishop, Fla.App. 1965, 174 So.2d 100.
Affirmed.