299 So.2d 152 (1974)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellant,
v.
CITY OF MIAMI, a Municipal Corporation of the State of Florida, Appellee.
No. 74-1011.
District Court of Appeal of Florida, Third District.
September 3, 1974.
Rehearing Denied September 10, 1974.
*153 Shutts & Bowen and William P. Simmons, Jr., Miami, for appellant.
John S. Lloyd, City Atty., and Robert N. Reynolds, Asst. City Atty., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal by the landowner, the Florida East Coast Railway Co., from an order granting a temporary injunction upon a complaint by the City of Miami seeking a temporary and permanent injunction to prohibit the landowner from proceeding with fill operations already in progress. The landowner also appeals an order denying its motion to dissolve the injunction and to dismiss the complaint. We reverse the order granting the temporary injunction upon the ground that the trial court abused its discretion in granting the order, there being no adequate basis for such injunction either in the complaint or in the evidence presented by the City at the application hearing.
The present action by the City grew out of a condemnation proceeding it had previously brought seeking to acquire by eminent domain land owned by the Railway Company. The land sought by the City is located on Biscayne Bay in downtown Miami. It includes bay bottom land owned by the Railway Company. The Railway Company had at the time of the filing of the eminent domain proceeding secured from the federal government and the State of Florida permits for the fill operation. Through the eminent domain suit and a counterclaim filed therein the Railway Company secured by order on its counterclaim the issuance of a fill permit from the City of Miami.
The trial court's order on the Railway Company's motion for summary judgment established the right of the City to take part of the property involved but denied the City's claimed right to take all of the property. An appeal from that order was decided by this court in City of Miami v. Florida East Coast Railway Co., Fla.App. 1973, 286 So.2d 247. A petition for certiorari in the Supreme Court of Florida brought by the Florida East Coast Railway Co. to review our decision is now pending in that court. A second appeal to this court was brought by the City to review the order of the trial court which had directed the issuance of the fill permit. We affirmed that order with an opinion reported at 286 So.2d 253. The City did not seek certiorari in the Supreme Court upon that decision. The permit was issued and fill operations were begun by the Railway Company. The City of Miami then sought to stop the fill operation by the filing of the instant suit, entitled "Complaint for *154 Declaratory Judgment and for Temporary and Permanent Injunction." Thereafter, the trial court entered the temporary injunction which is now before this court upon appeal.
We recognize the discretion vested in the trial court upon the entry of temporary injunctive orders. See Curtis Pools, Inc. v. Fulton, Fla.App. 1959, 115 So.2d 442; Sherrill v. Moye, Fla.App. 1968, 207 So.2d 7. Nevertheless, where such an order is entered without foundation in the pleading or without proof of the essential elements therefor, the order amounts to an abuse of discretion and will be reversed upon appeal. See Cramp v. Board of Public Instruction of Orange Co., Fla. 1960, 118 So.2d 541, where the Supreme Court said:
"It has been consistently held that in order to support the granting of a temporary restraining order, the allegations of the complaint must be clear, distinct, and unequivocal. The plaintiff by his complaint must likewise clearly demonstrate that irreparable injury would follow the denial of the injunction. Interstate Lumber Co. v. Fife, 70 Fla. 178, 69 So. 715; Drew Lumber Co. v. Union Inv. Co., 66 Fla. 382, 63 So. 836; Stanton v. Harris, 152 Fla. 736, 13 So.2d 17; Weissman v. Jureit, 132 Fla. 661, 181 So. 898."
The instant complaint does not meet either of the requirements specified. The complaint suggests that the City has some right to an injunction under Chapter 74-171, Acts of Florida.[1] A fair reading of this act demonstrates that it is not retrospective in application. A statute is not to be given retrospective effect unless the terms show clearly that such an effect was intended. In re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627 (1920). In addition, the Environmental Control Act clearly provides for its prospective enforcement by injunction only in order to prevent immediate and irreparable harm. See F.S. § 403.412(2)(c). The complaint does not set out facts from which irreparable harm could be found. The proof before the trial judge was equally barren in this respect. It is clear that the fill work has proceeded beyond the preliminary stage and is at least one-third completed. No witness was presented to testify that the completion of the work would cause irreparable harm of any kind.
The City's single witness was Mr. Vincent E. Grimm, Jr., its director of the Department of Public Works. His testimony reveals that he is a civil engineer and not an ecologist or biologist. The sum of his testimony was that the City expects to condemn the property, and that should it ultimately prevail in its suit, it will be forced to remove the fill material at a substantial cost, if it proceeds with the presently formulated plans.
The landowner has a vested property right in its fill and bulkhead permits. See Zabel v. Pinellas County Water and Navigation Control Authority, Fla. 1965, 171 So.2d 376. These permits are limited as to time of completion. Some are now close to expiration date. The temporary injunction entirely disregards this aspect of the case. No provision is made to compensate the landowner for the violation of its rights by the City.
The suggestion that the landowner's legal use of the land should be stayed pending the possibility that the City will prevail in its suit to condemn the land was decided adversely to the City in the condemnation suit. See City of Miami v. Florida East Coast Railway Co., Fla.App. 1973, 286 So.2d 253. We note in passing that the City does not demonstrate a financial ability to purchase the land in event of a successful conclusion of the litigation of its right of eminent domain.
*155 For the reasons stated, we hold that the trial judge abused his discretion in entering the temporary injunction and that he erroneously denied appellant's motion to dissolve the injunction and dismiss the complaint. The temporary injunction and the order denying the motion to dissolve are reversed, and the cause is remanded with directions to dismiss the complaint.
Because time is of the essence in the protection of the appellant's rights, we limit the time for the filing of a petition for rehearing to two days from the date of the filing of this opinion.
Reversed and remanded.
NOTES
[1] Although not raised on this appeal, there seems to be a substantial question as to the City's right to proceed under this statute.