PER CURIAM.
This is an appeal of an order granting a motion to dismiss with prejudice a claim seeking money damages for alleged violations of the theft statute, § 812.014(l)(a), Fla.Stat. (1989), and the dissolution of the defendant corporation pursuant to section 812.035, Florida Statutes (1989), which provides civil remedies for theft. We reverse.
Plaintiff law firm filed a multi-count suit against its former legal secretary, Maria Abuin. The count involved in this appeal alleged that the appellees, Ramon Golan and RGM Property Services, Inc., engaged the former secretary to “form the corporate Defendant, RGM for Golan.” The firm alleged that Abuin and Golan “conspired to use the property and service of the Plaintiff without payment therefore in violation of the provisions of chapter 812.-014(l)(a).” Specifically Abuin was alleged to have used the firm’s “machinery, forms and the time for which she was paid to do the work assigned her by the Plaintiff” to incorporate her friend Golan’s business. Abuin was also alleged to have ordered a $43.36 corporate minute book and seal outfit for RGM, charging the cost to the plaintiff.
While the alleged cost of damages suffered by the firm was $543.46, plaintiff sought a judgment of $500. Moreover, the count alleged that “pursuant to the provisions of Chapter 812.035(l)(e), Fla.Stat. this Court has the authority to order the dissolution or reorganization of any enterprise formed as a result of the violation of the other provisions of chapter 812, Fla.Stat.”
In the order here appealed, the trial court granted with prejudice a motion to dismiss filed by defendants Golan and RGM Properties, holding that plaintiff failed to state a cause of action as to them. The count remains viable as to ex-employee Abuin.
The jurisdiction of the circuit court to award a money judgment may be invoked by a demand for damages in the minimum amount of $5,000. §§ 26.012(2)(a), 34.-01(l)(c)2, Fla.Stat. (1989). A court cannot make an adjudication on the merits, as was done here, without having subject matter jurisdiction. Facially, it appears that the claim of theft is deficient to activate the subject matter jurisdiction of the circuit court because the claim for money damages is $500, less than the jurisdictional threshold. Consequently, in the instant case, the jurisdiction of the circuit court is invoked, if at all, by the plaintiff’s additional request for dissolution of the corporation pursuant to section 812.035, Florida Statutes (1989), which authorizes the circuit court to exercise its equitable powers in awarding the various remedies denominated within that section upon proof of theft under section 812.014. See § 26.012(2)(c), Fla.Stat. (1989).
*102 However, the plaintiff did not properly track the statutory language of the applicable subsections of section 812.035. Plaintiff alleged that upon proof of a violation of the theft statute, the court, under subsection (c) alone of section 812.035(1), could dissolve the appellee corporation. While there is no case law interpreting this subsection of Chapter 812, a simple reading of subsection 812.035(l)(c) demonstrates that it must be read in pari materia with subsection (l)(e) of the same statute when the enterprise for which dissolution is sought due to a Chapter 812 violation is a corporation.[1] Under subsection (l)(e), the court must make a finding that dissolution of the corporation is necessary “for the prevention of future criminal activity, [and that] the public interest requires [that] the charter of the corporation [be] forfeited and the corporation dissolved....” The instant complaint failed to track this statutory language and to allege sufficient facts to show how this statute applies. City Gas Co. v. Miller Gas Co., 137 So.2d 836 (Fla. 3d DCA 1962).
Consequently, the complaint was facially deficient in alleging any basis to activate circuit court jurisdiction. Accordingly, the court was not empowered to dismiss the complaint with prejudice. The order must be reversed with directions to the circuit court to permit further amendment to the complaint so as to activate circuit court jurisdiction. See Metropolitan Dade County v. Department of Commerce, 365 So.2d 432, 435 (Fla. 3d DCA 1978). Upon failure of the plaintiff to make such a required showing, the trial court should transfer the cause of action to the civil division, county court.
Reversed and remanded.

. 812.035 Civil remedies; limitation on civil and criminal actions.—
(1) Any circuit court may, after making due provisions for the rights of innocent persons, enjoin violations of the provisions of ss. 812.-012-812.037 or s. 812.081 by issuing appropriate orders and judgments, including, but not limited to:
[[Image here]]
(c) Ordering the dissolution or reorganization of any enterprise.