NESBITT, Judge
(concurring and dissenting):
I concur in affirmance of the summary judgment as it relates to the denial of mandamus. I dissent with the court’s determination that the amended complaint states a cause of action in ordinary negligence. I agree with the court that reversal of the juvenile’s statutory claim, pursuant to section 39.455(2), Florida Statutes (1991), is required but would only do so with leave to amend.
In the present ease, it is undisputed, as the majority recognizes, that HRS was providing services to B.J.M. pursuant to a permanent placement plan established by court order authorized by section 39.452, Florida Statutes (1991). For this reason, the majority’s reliance upon Department of Health & Rehab. Servs. v. Yamuni, 529 So.2d 258 (Fla.1988) (HRS’s negligent failure to accept an abused child to intake) and Department of Health & Rehab. Servs. v. Whaley, 574 So.2d 100 (Fla.1991) (confinement immediately upon intake of a fourteen-year-old with a depraved person) are not material to the instant analysis because in both cases the negligent conduct occurred before a permanent placement plan was in operation. Where, as here, a permanent placement plan was in effect, the duty of HRS can only arise from section 39.455(2), Florida Statutes (1991). That section provides:
The inability or failure of the social service agency or the employees or agents of the social service agency to provide the services agreed to under the performance agreement or permanent placement plan shall not render the state or the social service agency liable for damages unless such failure to provide services occurs in a manner exhibiting wanton or willful disregard of human rights, safety, or property. However, if the failure to provide the services occurs in a manner exhibiting wanton or willful disregard of human rights, safety, or property, a cognizable statutory claim will lie.
The reading of this section confirms that much broader immunity has been conferred upon HRS, its agents, servants, and employees than is otherwise conferred by the general waiver of immunity contained in section 768.28, Florida Statutes (1991). Obviously, section 39.455, being more restrictive than the general waiver of immunity, precludes an action for ordinary negligence. However, the failure to render services if done in a wanton and willful manner, as described, and a cause of action for money damages against HRS, its agents, servants, and employees under an elevated standard, is clearly cognizable.
I conclude that under the instant circumstances the ease should be reversed and leave to amend be granted. Here, since the instant amended complaint alleges only HRS’s negligent failure to comply with its duty, the present pleading is inadequate. However, counsel for the appellant, effectively argues that because the rather extensive record before us demonstrates that HRS essentially did nothing to improve the condition of this juvenile, the appellant has the ability to state a claim. See Henry P. Trawick’s Florida Practice & Procedure (1991 Ed.), § 6-17.5 at 93; City Gas Co. v. Miller Gas Co., 137 So.2d 836, 837 (Fla. 3d DCA 1962) (in pleading a statutory cause of action, it is generally sufficient to track the language of the statute and allege sufficient facts to show that the statute is activated). Accordingly, because the record here shows the ability to state a cause of action under section 39.455, and because, in my view, it is premature to decide the affirmative defenses raised by HRS, I would reverse with leave to amend.