GREATER MIAMI DEVELOPMENT CORPORATION v. M. SEWELL PENDER AND NELSON INVESTMENT CORPORATION

194 So. 867
Opinion Filed January 23, 1940
Rehearing Denied April 12, 1940

*Richard H. Hunt* and *George H. Salley,* for Petitioner; *Clarence W. Nelson,* for Respondents.

TERRELL, C. J.—Petitioner applied to this Court for certiorari under Rule 34 to review an interlocutory decree of the Circuit Court of Dade County and for an order under Section 5 of Article V of the Constitution of Florida, to preserve the jurisdiction and to stay all proceedings in the Circuit Court pending disposition of the cause here.

The application for stay order was treated as an application for supersedeas and granted for the purpose of staying all proceedings in the Circuit Court until the petition for certiorari could be considered and disposed of. The cause comes on to be disposed of on the motion of Respondents to dismiss the supersedeas order.

It is first contended that the supersedeas order and the

petition for certiorari should be dismissed because they do not show that petitioner is minus an adequate remedy at law or stated otherwise an attempt is being made to use certiorari for appeal or writ of error which cannot be done.

Respondents misconceive the scope of certiorari. The common law writ of certiorari was an original writ issuing from chancerey directed to an inferior court in the king's name commanding it to return the record of a cause pending before it so that the petitioner might have a review of the proceedings. Under the common law, the writ was limited to cases in which the inferior court was said to be exceeding its jurisdiction or was not proceeding according to the essential requirements of law. Such is the application of the common law writ as used in the Constitution of this State.

At common law, the writ of certiorari would lie only to review judicial or quasi judicial acts but its scope has been greatly extended by statute and judicial interpretation. It is now employed to review the decisions of inferior offices, boards, and tribunals, and is employed by the Supreme Court of the United States to review decisions of the inferior Federal courts. It is now employed in this State to review orders of the Railroad Commission and other administrative boards. Its use has been further extended by Rule 34 of the rules of this Court to review all interlocutory appeals from the circuit courts.

In its common law aspect, certiorari is not available as a substitute for appeal or writ of error but as extended by Rule 34, it becomes a substitute for appeal from all interlocutory orders or decrees in chancery. Such appeals are by statute (Section 4961, Compiled General Laws of 1927) made a matter of right, the right in no sense being affected by Rule 34; only the method of its exercise is changed. The reason for the change in method of exercise was to

provide a process whereby interlocutory appeals could be brought to this Court and disposed of in a more expeditious manner. The policy of the Court is to deny the writ if the petition is shown to be without merit. The writ will be granted and opinions written only in cases where shown to be essential to settle important questions of adjective or substantive law.

The subject matter of this litigation is shown to be some municipal tax certificates. The trial court granted a temporary restraining order for the purpose of retaining jurisdiction over them pending the disposition of the cause on its merits. The latter is the order that petitioner is now attempting to review by certiorari, no attempt having been made to dissolve as provided by Section 4971, Compiled General Laws of 1927.

The motion to vacate the supersedeas is predicated on the failure of the transcript to include the motion for temporary restraining order, proper attestation to the bill of complaint, notice of hearing on the application for temporary restraining order, and for other reasons not essential to recite. These instruments have all been supplied by supplementary transcript and are shown to have been present.

Counsel for petitioner stoutly resents the implication of counsel for respondents that these papers were omitted from the transcript by him on purpose and suggests that he should be disciplined by this Court for his conduct. This Court does not so interpret such implication but on the other hand recognizes counsel for petitioner as very able and diligent attorneys whose integrity is above reproach.

It is accordingly our view that the petition for certiorari is premature and should be denied and the motion to dissolve the supersedeas is also granted but with directions to dissolve the temporary restraining order as to any cer-

tificates not claimed by any of the parties to this cause or that have no connection with it.

It is so ordered.

Buford and Thomas, J. J., concur.

Whitfield, P. J., concurs in opinion and judgment.

Justices Brown and Chapman not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.