EDWARD E. MORGAN CO., INC., *et al. v.* CITY OF NATCHEZ.

(Division B. May 27, 1940.)

[196 So. 251. No. 34178.]

Harold Cox, of Jackson, for appellants.

**S. B. Laub,** of Natchez, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a final decree of the Chancery Court of Adams County declining to permit the appellant to dismiss without prejudice or penalty its bill of complaint in said court upon payment of the costs, but which decree dismissed the bill with prejudice and awarded unto the appellee the sum of $750 as attorney's fee on account of the suing out of a temporary injunction.

On March 16, 1939, the appellant, Edward E. Morgan Company, Inc., filed its bill of complaint in the said chancery court to obtain an injunction against the appellee, City of Natchez, to prevent the awarding of a contract to the Harrison Engineering & Construction Corporation, Kansas City, Missouri, for certain excavation work to be done on the approaches in connection with the construction of a bridge across the Mississippi River at Natchez, Mississippi, upon the ground that the appellant was the lowest and best bidder for the work when the bids therefor were opened and considered. Appellant also sought to obtain an adjudication that it was the lowest and best bidder, and to compel the appellee to recognize its rights as such in awarding the contract. The bid of the said Harrison Engineering & Construction Corporation had been accepted by the appellee, subject to the approval of the Public Works Administration from which a grant of 45% of the funds with which to construct the said bridge and approaches was being obtained, and

also subject to the approval of the Reconstruction Finance Corporation from which a loan of 55% of the necessary funds was being received for that purpose.

Upon the filing of the bill of complaint, an application was made to a judge of the State Supreme Court for the issuance of a preliminary writ of injunction as prayed for therein. Thereupon, the judge required that notice be given the city authorities of a hearing to be had before him, in Chambers, at ten o'clock A. M., on March 21, 1939, on the application for the preliminary injunction. In the meantime, the appellant obtained what was designated as a "restraining order" to be issued forthwith by the clerk of the chancery court of Adams County, upon the filing of a surety bond, conditioned as required by law in the penal sum of $5000, restraining the appellee, its officials and representatives, from awarding, executing, or permitting to be executed the contract in question until further hearing of the application for the preliminary injunction at the time and place stated. An injunction bond in due form was thereupon executed by the appellant, Edward E. Morgan Company, Inc., as principal, and the United States Fidelity & Guaranty Company, as its surety, conditioned for the payment of "all damages and costs which may be awarded against it, or which the City of Natchez may suffer or sustain by reason of the suing out of said injunction, in case the same shall be dissolved." The writ issued by the clerk, pursuant to the fiat of the judge and the execution of the bond, recited among other things that the appellee was accordingly restrained, until the hearing of the application of the appellant for the preliminary writ of injunction on March 21, 1939, at the hour and place hereinbefore mentioned. On the date thus set for the hearing, the appellee filed its answer to the bill of complaint and successfully resisted the granting of the preliminary injunction then sought. The order denying the application contained the following recital: "In this matter a restraining order having been heretofore issued by the

undersigned for injunction restraining City of Natchez from awarding a certain contract in connection with the construction of the bridge at Natchez across the Mississippi River, a hearing was had this day pursuant to the citation issued herein to determine whether or not a temporary injunction should issue and after considering the pleadings in the cause, exhibits and statements of fact, the application for a temporary injunction is hereby denied and the restraining order heretofore issued terminated. This is without prejudice.''

The ''restraining order'' above referred to was in legal effect a temporary injunction to preserve the status quo pending a further hearing of the matter, after notice and opportunity to the appellee to be heard, and it either expired by its own terms on March 21, 1939, or it remained in full force and effect thereafter for want of power on the part of the judge to dissolve the same, since no one other than the chancellor of the district wherein the cause was pending was possessed of such power.

Section 428, Code of 1930, provides how and before whom motions to dissolve injunctions may be heard; and it is stated in Section 451 of Griffith's Chancery Practice that ''inasmuch as it is not within the power of any judge other than the chancellor of the district to modify an injunction, it follows that it is not within the province of any other judge or chancellor to dissolve the same.'' Moreover the question of damages for a wrongful suing out of a writ of injunction is regulated in this State by Section 433 of the Code of 1930 which provides, among other things, that ''where the party claiming damages shall desire, upon the dissolution of an injunction, to have the same ascertained and decreed by the chancellor or the chancery court, he shall suggest in writing, *on the hearing of the motion to dissolve the injunction,* the nature and amount of the damages; [italics ours]  .  .  . but nothing herein contained shall prevent the party entitled from maintaining a suit on the injunction bond, if his damages shall not be assessed as herein provided

for.'' The suggestion of damages was not filed in this case until the 12th day of May, 1939, and there was no motion ever filed before the chancellor to dissolve the temporary injunction, nor was there any hearing ever had before him in that behalf.

From a reading of the order signed by the judge of the Supreme Court authorizing the issuance of a ''restraining order'' to restrain the appellee from awarding, executing, or permitting to be executed the contract in question, ''until the hearing of the application for the preliminary writ of injunction on March 21, 1939,'' it will be readily seen that it was the intention of the judge that the said order should cease to operate by its own terms on that date unless he should see fit on such hearing to grant a preliminary injunction pending the trial of the cause on its merits.

Although designated as a ''restraining order'' in the fiat which appellant obtained from the judge, the writ issued thereon was in fact a temporary injunction, since a restraining order is wholly foreign to our practice. In many jurisdictions, a restraining order may be issued by virtue of statute allowing it to be done, and they require the execution of a bond, but even then the order is very much the same in practice as the temporary injunction. Castleman et al. v. State, 94 Miss. 609, 47 So. 647. It follows therefore that the temporary injunction issued on March 16, 1939, either expired by its own terms on March 21, 1939, or the same thereafter remained in full force and effect until the bill of complaint was dismissed by the chancellor of the district on October 27, 1939, upon motion of the complainant therein. It is agreed that in the meantime the appellee, City of Natchez, had in effect rescinded its acceptance of the bid of the Harrison Engineering & Construction Corporation, and had awarded the contract in question to the appellant, Edward E. Morgan Company, on April 18, 1939, thereby granting unto the appellant all the relief prayed for in its bill of complaint. We are therefore of the opinion that the

course of the proceedings under the circumstances disclosed does not present a case for the allowance of an attorney's fee on the dissolution of an injunction. If the temporary order issued by the judge to maintain the status quo pending a hearing on the application for a preliminary injunction expired by its own terms on March 21, 1939, as provided for in the fiat of the judge and in the writ issued thereon, then it would follow that the legal services were rendered in resisting the application for the issuance of a preliminary injunction on the date set for hearing thereof, and for which services no provision is made under our statutes and procedure for the allowance of the fee. On the other hand, if the temporary order, which was in legal effect a temporary injunction as aforesaid, did not expire by its own terms on that date, then the same was not thereupon dissolved for the reason that the hearing was had before a judge of the Supreme Court and not before the chancellor of the district.

We are not unmindful of the rule that ordinarily the final dismissal of a bill of complaint that seeks only injunctive relief is conclusive of the fact that a preliminary injunction was wrongfully sued out, but in our opinion this rule would have no application where in the meantime the defendant has granted unto the complainant all the relief prayed for and the bill of complaint is thereafter dismissed upon motion of the complainant, and where no motion to dissolve the injunction has ever been presented to the chancellor of the district wherein the suit is pending.

The foregoing views render it unnecessary that we pass on the other questions involved. It follows from what we have already said that the decree of the court below dismissing the suit at the cost of the appellant and with prejudice was correct, but that the portion of the decree allowing the attorney's fee, here appealed from, must be reversed and judgment rendered here for the appellant.

Reversed and decree here for the appellant.