183 So.2d 255 (1966)
TOWER CREDIT CORPORATION, Consumer Credit Corporation, Indian River Loan Company, Financial Corporation of Florida, Central Factors, Inc., R.C. Fernon, Dorothy Fernon and Fred Koepp, Appellants,
v.
STATE of Florida, by Fred O. DICKINSON, Jr., Comptroller, Earl Faircloth, Attorney General, and Broward Williams, State Treasurer, As and Constituting the Florida Securities Commission, Appellee.
No. 485.
District Court of Appeal of Florida. Fourth District.
February 1, 1966.
Rehearing Denied March 4, 1966.
*256 Thomas N. Holloway and Miller Walton, of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, and Robert J. Randolph, Stuart, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and Milton J. Wallace, Asst. Atty. Gen., Miami, for appellee Florida Securities Commission.
PER CURIAM.
The defendants appeal from an interlocutory order in chancery extending the scope of a prior temporary restraining order issued upon the complaint of the Florida Securities Commission. The complaint alleged acts and practices in violation of the Florida "Blue Sky Law", F.S.A. ch. 517, sworn to by an assistant attorney general and supported by an affidavit of a field investigator for the commission. The court granted the commission's motion for temporary restraining order and the appointment of a receiver without notice, and two days later the order was amended by changing the receiver. Three days later on a motion of the commission, the court permitted certain supplements to the complaint, including the addition of parties-defendants and an appointment of a receiver for an additional corporate defendant. Certain of the defendants filed a notice of appearance by their attorneys, and then the commission filed its motion for an extension of the temporary restraining order previously entered. The motion was sworn to and supported by affidavits of the receiver reciting certain facts occurring subsequent to the initial restraining order. The court granted the motion and entered an order extending the scope of the prior restraining order to include enjoining and restraining the defendants from calling or holding a corporate directors' meeting and from filing any new suits in any other state or federal court, except appeals, without obtaining specific permission from the court. It is from this order modifying and extending the scope of the prior restraining order that the defendants appeal.
Defendants did not move to dissolve the injunction but short-circuited the trial court procedure by this appeal. In the absence of a motion to dissolve, review of a temporary restraining order has been denied. Greater Miami Development Corporation v. Pender, 1940, 142 Fla. 390, 194 So. 867. We strongly recommend filing a motion to dissolve and a hearing where the facts may be fully developed and an order entered. In the absence of such a procedure the allegations in the sworn complaint and the statements in the supporting affidavits are presumed to be true.
Defendants contend that the order extending the scope of the temporary restraining order should be reviewed by considering only the motion seeking said order and the supporting affidavits attached. On the other hand the commission directs our attention to the entire record made in the trial court. We concur in the commission's position. Every court will take judicial notice of its own records appearing in the case before it for consideration. McNish v. State, 1904, 47 Fla. 69, 36 So. 176. The trial court properly considered all prior proceedings of record in this case when it entered the order here appealed. The prior proceedings have been incorporated in the appendices as a part of the record of the trial court pursuant to F.A.R. 4.2(d), 31 F.S.A. Thus, the source of the trial court's knowledge has been brought into the appellate record and we will consider all of the record in our review of the order appealed. Ramsey v. City of Kissimmee, 1933, 111 Fla. 387, 149 So. 553. This does not expand our review to the prior order. Our review is confined to the order specified in the notice of appeal, notwithstanding the fact that consideration is made of the entire record.
We find that the defendants have not demonstrated an abuse of judicial discretion in the trial court's determination that the allegations of the sworn complaint, subsequent sworn motions and accompanying affidavits state facts which made it manifest that the giving of notice would accelerate *257 the alleged injury resulting in irreparable harm and damage. See Dixie Music Co. v. Pike, 1938, 135 Fla. 671, 185 So. 441; Kilgore Groves, Inc. v. Mayo, 1939, 136 Fla. 615, 187 So. 256; and Lane v. Clein, Fla. App. 1962, 137 So.2d 15.
Affirmed.
SMITH, C.J., and ANDREWS and WALDEN, JJ., concur.