189 So.2d 811 (1966)
NATIONAL DAIRY PRODUCTS CORPORATION, a Delaware Corporation, Appellant,
v.
The STATE of Florida ex rel. Dan R. WARREN, State Attorney, Seventh Judicial Circuit, Appellee.
No. H-175.
District Court of Appeal of Florida. First District.
August 23, 1966.
*812 Hall, Hartwell, Hall & Canada, Tallahassee, for appellant.
Earl Faircloth, Atty. Gen., and Frank A. Orlando, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
Pursuant to Section 540.02, Florida Statutes, F.S.A. the State Attorney of the Seventh Judicial Circuit of Florida, instituted injunctive proceedings in Volusia County Circuit Court, seeking to enjoin certain named defendants from continuing violations of Section 540.01, Florida Statutes, F.S.A. more specifically, to enjoin unfair competition within the milk industry. The defendants consisted of six retailers, referred to as "supermarket defendants" and seven distributors, referred to as the "distributor defendants". The appellant herein falls in the class of a "distributor defendant".
Attached to the complaint in said cause was a transcript of testimony taken by the State Attorney on September 4, 1965, asserting certain sales prices of milk at retail in various sections of the state in and around Volusia and adjoining counties by the "supermarket defendants". The testimony does not refer to any price at the distributor level, nor are any distributor prices given. On September 18, 1965, which was a Saturday, the Circuit Court issued without notice to any of the defendants a temporary restraining order against all of the defendants enjoining them from "further acts of unfair discrimination as prohibited by Section 540.01, Florida Statutes, [F.S.A.] and specifically, from selling the commodity in general use known as Grade A homogenized milk in any locality in the northeasterly section of the State of Florida, at a lower rate than is charged for said commodity by said party in another section, community or city of this State, after making due allowance for the difference, if any, in the grade or quality and in the actual cost of transportation from the point of production of said commodity."
This restraining order was returnable before the same court for September 23, 1965, to show cause why said temporary injunction should not be made permanent. The appellant joined with another defendant in an unsuccessful effort to have said cause transferred to Federal court. The cause was remanded to the State court on October 8, 1965, and the appellant on October 11, filed its motions to dismiss and to dissolve the temporary injunction. These motions were set for hearing for November 2, 1965. On November 2, 1965, appellant appeared before the court to argue its motions. At that time however, the State Attorney filed a suggestion of contempt against the supermarket defendants and the trial court deferred hearing the motions until December 2, 1965. This interlocutory appeal had been filed and therefore no hearing had on December 2, 1965.
On October 22, 1965, after appellant had filed its motion to dismiss and to dissolve *813 the temporary restraining order, the State Attorney amended his complaint and for the first time allege I that the distributor defendants were selling to the supermarkets at a lower rate than in other sections, also, further alleging that said lower rates were adopted by the defendants "pursuant to prior discussions and agreements among the defendants." This amendment was not sworn to nor supported by affidavit of fact.
The appellant filed eight assignments of error, some of which were stricken upon motion of appellee. Assignments of error numbered 4 and 5 question the propriety of using civil injunctive process to enforce the provisions of Chapter 540, Florida Statutes, F.S.A., in issuing the temporary injunction. We think this raises a question for the trial court to determine at the proper time and since this court finds other valid grounds for disposal of this appeal as pointed out below, we do not pass on this question.
Assignments of error numbered 6, 7 and 8 read as follows:
"6. The trial court erred in entering the temporary restraining order without notice and hearing because the allegations of the complaint do not demonstrate that the injury anticipated by the plaintiff would be accelerated by giving notice.
"7. The trial court erred in entering the order dated November 2, 1965, deferring until December 2, 1965, hearing on defendant's motions to quash, dissolve and dismiss because that order continues the effect of the temporary restraining order to a date some seventy days from the date of its entry during which time this defendant has not afforded an opportunity to be heard on the propriety of said restraining order.
"8. The trial court erred in entering the order dated November 2, 1965, deferring until December 2, 1965, hearing on defendant's motions to quash, dissolve and dismiss because no suggestion of contempt was filed against this defendant."
As to granting of the temporary restraining order without notice, this court is wed to the opinion that injunctions or restraining orders should be granted without notice on only those rare occasions when the court is presented a sworn statement of facts, showing not only a strong probability of guilt of the act complained of, but also strong, concrete evidence that irreparable damage will be sustained if notice is given the party or parties against whom the injunction is prayed. F.R.C.P. 3.19, 31 F.S.A. In the case sub judice, the original complaint was verified and supported by affidavits, but the original complaint was insufficient to charge this appellant with a violation, without the amendment which was filed October 22, 1965, and which was neither verified nor supported by supporting affidavit as required by the above cited rule. We think the showing that irreparable damage would be done if notice was given, is entirely insufficient to justify the order without notice. The information upon which the State Attorney based his complaint was in his office as of September 4, 1965, and fourteen days thereafter elapsed before the restraining order was issued. It is difficult for this court to conclude that irreparable damage would have resulted if a further delay of five or seven days had been granted for notice. This is particularly supported by the fact that when the court entered the temporary order on September 18, 1965, the complaint did not properly charge the appellant with a violation of Chapter 540, Florida Statutes, F.S.A. and such fact recognized by the State Attorney by his filing his amendment as of October 22, 1965, after the defect had been called to his attention by the appellant's motions to dismiss and dissolve. We think the trial court was in error in granting said temporary restraining order against the appellant herein without notice and without sufficient facts to support same.
*814 The assignments 7 and 8, we will treat conjunctively. The court having erroneously entered its temporary restraining order without notice as pointed out supra, we think the court further erred in not hearing the appellant's motions on November 2, 1965, as schedued. To restrain the operation of a business as large in volume as indicated by the pleadings, and without bond, as is authorized, is in itself a harsh remedy. A full hearing should be had thereon by the court at its earliest reasonable time. Approximately seventy days would have elapsed from the date of the entry of the restraining order and December 2, the second date scheduled for the hearing on the appellant's motions to dismiss and dissolve. The stated reason for not conducting the hearings on appellant's motions on November 2, the date originally scheduled therefor, was the filing of the suggestion of contempt against the "supermarket defendants", not the appellant or the "distributor defendants". The appellant had no control over the activities of the defendants cited for contempt and therefore could neither set in motion a purge of the contempt, nor an attack upon the validity thereof. We do not think this appellant should have been or be further penalized by the alleged wrongdoing of other defendants, over whom the appellant does not and cannot exercise control.
The appellee cites Pompano Horse Club, Inc. v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51 (1927) and 17 Fla.Jur. Injunctions § 47, in support of his contention that the court could issue the restraining order without showing injury, if the interest of the state is concerned.
It appears to us that Chapter 540, Florida Statutes, F.S.A., is a measure for the protection and control of intra-industry competition rather than the State. The language of the statute so indicates by the inclusion of the words "for the purpose of destroying the business of a competitor in any locality * * *." There is no indication of a state or public interest, other than that normally applied to any industry, and its effect upon the economy of the State. No public health measure is involved here.
For the reasons stated, we think the court was in error in granting the temporary injunction against the appellant without notice, and was further in error in not giving the appellant a hearing on its motions to dissolve and dismiss on November 2, 1965. Therefore, insofar as said temporary restraining order of September 18, 1965 applied to the appellant herein, the same is hereby dissolved, but without prejudice to said cause proceeding to final hearing upon the general prayer of the complaint, except as to temporary injunction.
WIGGINTON, Acting C.J., and SACK, J., concur.