JOHNSON, Judge.
The facts in this case are almost identical with the facts in the National Dairy Products Corporation v. State ex rel. Warren, 189 So.2d 811, decided at this same term as the case sub judice and which, for purposes of appeal was heard at the same time as all the defendants. One further material procedural facet is presented in the Gustaf-son’s Dairy case; that is, a motion to clarify the restraining order was filed and hearing thereon attempted for November 12. This was postponed by the court until November 18, 1965, which was beyond the date within which Gustafson could enter its interlocutory appeal of the September 18 restraining order, and therefore, this appeal having been taken, no hearing was held. Motions to dismiss and to dissolve were filed and hearing scheduled thereon for November 2, 1965, and the appellants appeared for argument on said motions, but, a suggestion of contempt having been filed on November 2 against the “supermarket defendants”, the court entered a further order postponing *816 the hearing on all motions, including the appellants’ motions, until December 2, 1965.
It is from these two orders, the restraining order of September 18, and the order of November 2, 1965, deferring hearing on the motions until December 2, that the appellants appeal.
The appellants filed numerous assignments of error, some of which we do not feel it necessary to discuss here inasmuch as we feel the temporary restraining order of September 18, 1965, was erroneously issued against these appellants, referred to as the “distributor defendants”, for the reasons set forth in National Dairy Products Corporation v. State ex rel. Warren, 189 So.2d 811, decided by this court at this same term, in which the same restraining order is involved, as well as for the further reasons that: the complaint fails to state a cause of action against the “distributor defendants” within the purview of Chapter 540, Florida Statutes, F.S.A., in that there are insufficient allegations of fact from which the court could properly ascertain this appellant, Gustafson, and the other “distributor defendants” to be “competitors” of Castle Farms, Inc. There is no allegation of price discrimination at the wholesale or distributor level, either in the complaint or the supporting affidavits attached. The closest the complaints come to alleging this is that there is a “kick back”. Further, there is no showing of how and to what extent irreparable damage would have resulted in giving notice of the application for the restraining order. As pointed out in the National Dairy case, the State Attorney had the sworn information upon which he based his complaints as of September 4, 1965, and he waited fourteen days to get his injunction. It is hard for us to see how a further delay of five or seven days for notice to be given, could render such additional damage if the voluntary delay of fourteen days did not. We think the temporary restraining order should not have been issued against the “distributor defendants” for the above reasons. We do not think Mackey v. Sears, Roebuck & Co., 237 F.2d 869 (7th Cir.1956) cited by appellee is applicable and controlling where the facts are as in the case sub judice. Having decided that the restraining order of September 18, 1965 should be dissolved, the remaining order appealed must necessarily be set aside, and the cause remanded to the lower court for further proceeding not inconsistent with the views expressed here.
It is difficult to write an opinion in this case without considerable repetition, inasmuch as there is only one complaint and one restraining order based thereon, wherein thirteen defendants are parties and the order made applicable to each, although the facts and circumstances alleged are not identical as to all the parties. Further, one of the orders appealed, the one dated November 2, deferring hearings on the various motions until December 2, 1965, was entered against all defendants because of alleged wrongdoings of only a part of the defendants, in fact, one class of the defendants, namely the “supermarket defendants”.
Much of what has been said in the National Dairy Products Corporation case, supra, and what has been said supra with respect to “distributor defendants”, applies to the case of the “supermarket defendants”. We might first dispose of the assigned error as to the November 2, 1965 order deferring the hearings on the motions to dismiss and dissolve until December 2. We think the trial court would have been justified in deferring the hearings until the contempt citation had been settled, insofar as the cause related to the “supermarket defendants” which had been cited for contempt, if the original restraining order had been rightfully issued. Here, we feel that a better case has been presented by the pleadings and affidavits against the “supermarket defendants” than the others, but that there is still lacking sufficient allegations accompanied by supporting affidavits to warrant the issuance of the temporary restraining order, without notice. No showing of resultant irreparable damage has been shown to justify failure to give notice. The mo *817 tions to dissolve and to dismiss on the merits have not been acted upon by the trial court and any effort on the part of either defendant in this case to elicit from this court even a suggestion of its thoughts on said motions, must and will be ignored by us on this interlocutory appeal.
The temporary restraining order appealed is hereby reversed and set aside, as to the supermarket defendants, also, and the subsequent order of November 2 rendered moot and of no effect. The other questions raised by the respective briefs and assignments of error by the parties, need no further attention in view of our decision herein with respect to the temporary restraining order.
Reversed and remanded.
WIGGINTON, Acting C. J., and SACK, J., concur.