ON MOTION TO QUASH AND DISMISS APPEAL
RAWLS, Judge.
On February 21, 1972, Seminole Asphalt Company petitioned the Circuit Court of the Second Judicial Circuit for a temporary injunction, without notice, directed against United Steelworkers. The trial court issued the sought injunction.[1] United Steelworkers moved to dissolve the subject order upon the grounds, inter alia: (1) That the affidavit in support of Seminole’s petition was insufficient to support the temporary injunction; and (2) neither the petition nor the supporting affidavit contained any allegations of fact constituting irreparable injury. On March 15, 1972, a full day’s evidentiary hearing was held by *216 the trial judge on the motion to dissolve and other matters. The taking of evidence was not completed and the hearing was adjourned to be reconvened at a later time to be agreed upon by counsel for the respective parties. On March 20, 1972, United Steelworkers filed its notice of interlocutory appeal from the temporary injunction dated February 21, 1972.
The movant, Seminole Asphalt, contends that an order granting a temporary injunction cannot be appealed. It insists that such an order must first be challenged by a motion to dissolve, and only an order entered in those proceedings is subject to appellate review. In support of this contention Seminole relies upon Greater Miami Development Corporation v. Pender,[2] Tower Credit Corporation v. State,[3] and Local Lodge No. 1248 of International Ass’n of Machinists v. St. Regis Paper Co.[4] The Greater Miami Development case dealt with a petition for statutory certiorari to review an interlocutory restraining order. The Supreme Court, in holding that same was premature, observed that petitioners had made no attempt to dissolve as provided by Section 4971, Compiled General Laws of 1927. Obviously, this case is not controlling because no such procedural rule has been promulgated by the Supreme Court. The Fourth District Court of Appeal considered the question being reviewed in Tower Credit Corporation. There, the Court observed that it recommended the filing of a motion to dissolve and a hearing where the “. . . facts may be fully developed and an order entered.” (Emphasis supplied.) However, it is noted that in Tower Credit the appellate court reviewed the temporary injunction and sustained same upon the pleadings. The Local Lodge No. 1248 case insofar as same is here applicable held that the divisible part of an order denying defendant's motion to dissolve the temporary injunction is interlocutory in character and properly reviewable under Rule 4.2, Florida Appellate Rules, 32 F.S.A., relating to interlocutory appeals. The above cited authorities do not resolve the instant judicial problem, which is: Does this Court have jurisdiction to review the sufficiency of the pleadings which constitute the foundation for issuance by a trial judge of a temporary injunction, without awaiting the trial judge’s decision upon a motion to dissolve? We answer the foregoing question in the affirmative.
Temporary injunctions are creatures of equity. An order by a trial court without notice restraining the activities of a labor organization and its members is a temporary injunction. In issuing the instant order, the trial judge of necessity held that the allegations set forth in the petition coupled with facts itemized in supporting affidavits, if true, were legally sufficient. Article V, Section 5(3), Constitution of the State of Florida, 1971, F.S.A., provides that the Supreme Court may provide for review of interlocutory orders by the District Courts of Appeal. Pursuant to the cited constitutional provision, the Supreme Court has promulgated Florida Appellate Rule 4.2, subd. a, which provides that an aggrieved litigant has a right of appeal from “interlocutory orders in civil actions that from the subject matter or relief sought, are such as formerly were cognizable in equity. . . ,”[5] As stated above, a temporary injunction is an order which was formerly cognizable in equity. The cited constitutional provision and Supreme Court Rule are clear and unequivocal in that all such orders of prior equitable cognizance, are appealable as a matter of right.
*217 In appealing the instant order granting a temporary injunction without notice, United Steelworkers is not seeking a review of factual matters. It is seeking a review of the legal sufficiency of Seminole’s initial pleading and supporting affidavits. Thus, all facts well pleaded in the petition and set forth in the supporting affidavits are admitted to be true for the purposes of the instant appeal. We pause to note that had the trial judge refused to issue a temporary injunction upon the same pleadings and affidavits, such action would have been reviewable by interlocutory appeal. By like token, the sufficiency of the pleadings to sustain the issuance of such order is reviewable without a decision by the trial court on factual questions.
The motion to quash and dismiss is denied.
SPECTOR, C. J., concurs.
JOHNSON, J., dissents.

. The subject order was entitled “Temporary Restraining Order”; although the term “restraining order” is often used by Florida appellate courts in lieu of the term “temporary injunction”, it is observed that this jurisdiction does not statutorily recognize the practice of issuing temporary restraining orders as does a number of our sister states. Cf., Ducros v. St. Bernard Parish Police Jury, 200 La. 766, 8 So.2d 694 (1942), and Edward E. Morgan Co. v. City of Natchez, 188 Miss. 781, 196 So. 251 (1940).

. Greater Miami Development Corporation v. Pender, 142 Ma. 390, 194 So. 867 (1940).

. Tower Credit Corporation v. State, 183 So.2d 255 (4 Fla.App.1966).

. Local Lodge No. 1248 of International Ass’n of Machinists v. St. Regis Paper Co., 125 So.2d 337 (1 Fla.App.1961).

. State v. Smith, 260 So.2d 489, filed March 29, 1972 (Ma.); State v. Smith, 254 So.2d 402 (1 Fla.App.1971).