JOHNSON, Judge
(dissenting) :
I would grant the appellee’s motion to quash and dismiss this interlocutory appeal upon the ground that it is prematurely brought.
Subsequent to the entry of the Temporary Restraining Order on, to wit: March 2, 1972, the Respondent filed its answer in which, inter alia, it contends the Circuit Court lacked jurisdiction of the subject matter of the cause and other affirmative defenses. At the same time, March 2, 1972, Respondent filed its motion to dissolve the temporary injunction in which six grounds were alleged as reasons for dissolving the said temporary injunction. One of the grounds contained in the motion to dissolve is that the affidavit filed with the petition is insufficient to support the issuance of said temporary injunction. One other ground of the motion to dissolve was that the bond had not been posted pursuant to Fla.Rule Civ. Proc. 1.610, 31 F.S.A. This defect was corrected and approved by the trial court by entry of its order of March 7, 1972, with a nunc pro tunc effective date of February 21, 1972.
Respondent, in addition to filing its answer and motion to dissolve, also moved for judgment on the pleadings and served notice of hearing on the motion to dissolve and the first and second defenses contained in its answer, which hearing was set for March 15, 1972. Pursuant to this notice, hearing was held, consuming most of the day and into the first night, before the court recessed because of the lateness of the hour and that the court reporter was tired. The court suggested that the respective counsel meet with the court the next day to agree upon a mutual date to resume the hearing. Instead of trying to get another hearing date, the respondent filed notice of this interlocutory appeal in which is appealed the order of February 21, 1972, the temporary injunction, as well as the order of March 7, 1972, approving the bond and reaffirming the temporary injunction.
The appellee has filed its motion to quash and dismiss the interlocutory appeal upon the grounds that the same is premature and frivolous. At the hearing before this Court, the appellee admits that the main thrust of his motion is the fact that the appeal is premature and therefore frivolous.
I agree with the appellee that this appeal is premature and that same should be dismissed. Rule 1.610, Fla.Rule Civ.Proc., provides for the issuance of temporary injunctions and also provides for a motion to dissolve. I think the question of whether there is a manifest need of issuing the temporary injunction without notice is a question of judicial discretion and the issuance of such temporary injunction is not such an order that is appealable unless the motion to dissolve has first been acted upon by the trial court.
*218 I think the law is well-stated as found in appellee’s brief where he quotes from citations with which I agree, as follows:
“Defendants did not move to dissolve the injunction but short-circuited the trial court procedure by this appeal. In the absence of a motion to dissolve, review of a temporary restraining order has been denied. (Citing Greater Miami Development Corp. v. Pender, 142 Fla. 390, 194 So. 867) We strongly recommend filing a motion to dissolve and a hearing where the facts may be fully developed and an order entered. . . .” Tower Credit Corp. v. State (Fla.App.4th, 1966), 183 So.2d 255, 256.
Among other jurisdictions:
“The general rule seems to be that an ex parte order is not a final order and therefore not directly appealable, the view ordinarily taken being that the party aggrieved by such an order must first move to vacate or set aside the order and may then appeal from the decision on the motion. This refusal to permit direct appeals is based upon the theory that a trial court which may have acted erroneously on a one-sided application will proceed and correct its error if an adverse party is heard, as well as upon the theory that to allow an appeal from an ex parte order would violate the fundamental principle of appellate procedure that the appellate court should only review questions already considered and determined by the lower court.” 4 Am.Jur.2d, Appeal and Error, § 120, p. 636. See Also 42 Am.Jur.2d, Injunctions, § 347, p. 1152.
I think the law to be also well-stated in 17 Fla.Jur., page 119, Supp., where we find the following:
“In the absence of a motion to dissolve a temporary restraining order, review of the order has been denied. . . . ”
The temporary injunction was to hold everything in status quo. The appellants had filed an answer as well as motion to dissolve, and at this state of the proceedings, the appellants had elected to pursue the provisions of Civil Procedure Rule 1.610(c) and (d) and therefore, in addition to the case law and decisions supra, the Circuit Court should not be short-circuited. The allegations in the affidavits and complaint are presumed to be true, and granting or dissolving of such temporary order is within the discretion of the chancellor and as such he should be permitted to review his own acts to correct, if in error.
For the reasons given supra, I cannot agree with the majority opinion, and I would grant the motion to dismiss the appeal on the ground that the same is prematurely brought.