RAWLS, Judge.
This is the second appearance of this case. Our previous decision denying ap-pellee’s motion to quash and dismiss this interlocutory appeal is reported in Fla.App., 262 So.2d 215. By the instant appeal appellant, United Steelworkers of America, challenges the trial court’s order granting a temporary injunction without notice which restrained it from conducting certain activities. The Steelworkers contend that the unverified petition and supporting affidavit of Seminole Asphalt Refining, Inc. is insufficient as a matter of law to support the temporary injunction. We agree.
The unverified petition for temporary injunction generally alleged that striking employees and other members of United Steelworkers were massed in such a manner as to block the entrance into Seminole’s plant and intimidate persons from entering same. These unverified allegations, standing alone, were of no legal significance. The unverified petition was supported solely by an affidavit of Maxwell J. Lewis which stated:
“1. I am President and part owner of Seminole Asphalt Refining, Inc., with its plant located at St. Marks, Florida. I give this Affidavit in support of the attached Petition on behalf of Seminole Asphalt Refining, Inc.
“2. Beginning approximately at 11:00 p. m., February 20, 1972, employees of Seminole Asphalt Refining, Inc. and members of the United Steelworkers of America, AFL-CIO, began picketing the plant located at St. Marks, Florida, on Main Street.
“3. I arrived at the plant at approximately 8:30 a. m., February 21, 1972, at which time there were seven or eight employees carrying picket signs and walking a picket line directly across the only entrance and exit driveway into the plant. The pickets were partially blocking entrance to the plant.
“4. In addition to the pickets there were other employees massed on the opposite side of the highway from the plant entrance; there were some men in addition to the pickets on the same side of the street as [the] plant, and there were approximately thirty employees, including the pickets, in and about the entrance to the plant and across the street. There were approximately eight to ten cars parked along the road shoulders in the proximity to the plant.
“5. At about 10:00 a. m., February 21, at the direction of my Labor Counsel, I took five poloroid photographs, which depict the entrance to the plant, the pickets, the employees massed across the road from the plant entrance, and the automobiles parked on the roadside. At the time I took the photographs, the pickets had been reduced from seven or eight men to three men. At the time I left the plant at about 10:15 a. m., the men were still grouped and massed across the street and the automobiles still parked on the road shoulders. I attach the aforementioned five photographs as Exhibits 1 through 5, to this Affidavit.
“6. I know of one customer of Seminole, Graceville Oil Company, who sent a tank truck to the plant and whose driver then turned back and did not enter the plant because of the picket line.”
As stated in paragraph 5 of the affidavit, five photographs were attached to same. Four of these photographs were apparently taken from the driveway of Seminole’s entrance and depict a group of men gathered at the Steelworkers’ Hall which is located across the street from Seminole’s plant entrance. We note that the Union members possess the same constitutional guarantees *30 to gather at their Hall as does Seminole to have access to its property.
The well settled rule for issuance of temporary injunctions without notice in this jurisdiction was stated in National Dairy Products Corporation v. State,[1] viz.:
“As to granting of the temporary restraining order without notice, this court is wed to the opinion that injunctions or restraining orders should be granted without notice on only those rare occasions when the court is presented a sworn statement of facts, showing not only a strong probability of guilt of the act complained of, but also strong, concrete evidence that irreparable damage will be sustained if notice is given the party or parties against whom the injunction is prayed. F.R.C.P. 3.19, 31 F. S.A.” [2]
In Sheetmetal Workers’ International Association v. Florida Heat and Power, Inc.,[3] our Supreme Court, in reviewing proper cases for state courts to exercise jurisdiction in labor disputes, again reiterated the well established rule regarding ex parte injunctions in labor .disputes, when it stated:
“Therefore, to avoid collision with federal labor policy and to help remove the obscurity as to proper state jurisdiction, the use of ex parte injunctions must be limited to those three areas where their use already has been established: Where it is absolutely clear no federally-protected or prohibited activities are involved, where there is violence, and where there is an affront to the state’s right-to-work policy.
“In all other cases, injunctions should not be issued without a prior opportunity to be heard by both sides to the dispute, so that emergent state interests, as well as competing private interests, can be litigated and built into the record. The future emergence of state labor jurisdiction will occur most successfully only if Florida courts refrain from tweaking the federal nose by precipitously issuing injunctions, and focus upon record-building and early adversarial litigation.” (Emphasis supplied.)
Reverting to the instant cause, the sole proof for the ex parte injunction was Mr. Maxwell’s affidavit which stated that seven or eight employees were carrying picket signs across the only entrance and exit driveway into the plant; that automobiles were parked on both sides of the road; and thirty men were gathered about the area. Such allegations and proof are patently insufficient to support a temporary injunction without notice. The temporary restraining order entered on February 21, 1972, is dissolved.
Reversed.
CARROLL, DONALD K„ Acting C. J„ concurs.
JOHNSON, J., dissents.

. National Dairy Products Corporation v. State, 189 So.2d 811, 813 (1 Fla.App.1966); also see Gustafson’s Dairy, Inc. v. State, 189 So.2d 814 (1 Fla.App.1966).

. Compare Rule 1.610, Florida Rules Civil Procedure, 31 F.S.A., which provides, inter alia:
“ . . . No temporary injunction shall be granted except after notice to the adverse party unless it is manifest from the allegations of a verified complaint or supporting affidavits that the injury will be done if an immediate remedy is not afforded. ...”

. Sheetmetal Workers’ Int. Ass’n v. Florida H. & P., Inc., 230 So.2d 154, 159 (Fla.1970).