JOHNSON, Judge
(dissenting):
I cannot agree with the majority opinion in this case. When this case was before us before (Fla.App., 262 So.2d 215) it was upon appellee’s motion to quash and dismiss this interlocutory appeal. Although *31 the former decision, supra, primarily dealt with the motion to quash and dismiss, the majority opinion in said case did, in effect, decide adversely to the appellee in its strongest point raised m its brief in this case, to wit: that the appeal was premature. I dissented in the former opinion, and I dissent in the present majority opinion, for all the reasons I set forth in my first dissent, which will not be repeated here, except, I want said reasons to be incorporated into this dissent by reference, and I give the additional arguments and opinions in support of my dissenting opinion, as follows:
In the appellant’s brief there are two points of law raised:
I. Did the entry of the temporary restraining order on February 21, 1972, without notice and without bond, comply with the provisions of Florida Rule of Civil Procedure 1.610?
II. Was the action of the Circuit Court in entering its order of March 7, 1972, without notice valid under Florida Rule of Civil Procedure 1.-610 and the Florida and United States Constitutions ?
In its statement of the case, or facts involved, appellant does not recite the fact that pursuant to the notice of hearing set for March 15, 1972 (which date was chosen by the appellant), the trial court permitted the appellant to submit testimony all day of March 15, and until 6:00 p. m., and that the hearing was adjourned at that time, to be resumed at a time to be agreeable to respective counsel.
It is my opinion that when the Supreme Court of Florida rendered its opinion on June 15, 1966 (187 So.2d 598), adopting the Florida Rules of Civil Procedure 1967 Revision, these Rules should control issuance of injunctions. We find this language in said opinion, supra:
“ . . . This compilation and revision shall supersede all conflicting rules and statutes . . . .”
Also we find in Rule 1.010, F.R.C.P., the following language:
“These rules apply to all suits of a civil nature and all special statutory proceedings in the Circuit Courts, . . . the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes providing for such proceedings unless these rules specifically provide to the contrary.” (Emphasis supplied.)
Rule 1.610, F.R.C.P., makes provision for temporary injunctions, with or without notice, and at section (c) provides for a “motion to dissolve” any injunction which may be done at any time.
The majority opinion recognizes F.R.C. P., Rule 1.610, but does not attach any significance to 1.610(c) which provides for the motion to dissolve. It is my opinion now, as it was in the former appearance of this case, supra, that once the appellant had invoked the Rule 1.610, and had invoked the jurisdiction of the trial court into a hearing upon the issues, then it is incumbent upon the appellant to let the trial court exercise its authority on the motion to dissolve as provided by the Rule.
The majority opinion cites with approval the decision of this court in National Dairy Products Corp. v. State, and quotes therefrom the following quotation:
“As to granting of the temporary restraining order without notice, this court is wed to the opinion that injunctions or restraining orders should be granted without notice on only those rare occasions when the court is presented a sworn statement of facts, showing not only a strong probability of guilt of the act complained of, but also strong, concrete evidence that irreparable damage will be sustained if notice is given the party or parties against whom the injunction is prayed. F.R.C.P. 3.19, 31 F. S.A.”
I do not thihk the facts in the case sub judice coincide with the facts in the cited *32 case supra. Further, we find that in the cited case, National Dairy Products Corporation v. State, 189 So.2d 811, 814 (Fla.App.1st, 1966), this court said:
“The assignments 7 and 8, we will treat conjunctively. The court having erroneously entered its temporary restraining order without notice as pointed out supra, we think the court further erred in not hearing the appellant’s motions on November 2, 1965, as scheduled. To restrain the operation of a business as large in volume as indicated by the pleadings, and without bond, as is authorized, is in itself a harsh remedy. A full hearing should be had thereon by the court at its earliest reasonable time.” (Emphasis supplied.)
In the National Dairy Products case, we recognized that the motion to dissolve the temporary injunction should have been heard before appeal, so that if the trial court had used a reasonable time table in hearing the motion to dissolve, as was done in the case sub judice, the error could have been corrected if found to be erroneously entered.
I think the correct opinion in this case was fixed by the Supreme Court of Florida in Greater Miami Development Corp. v. Pender, 142 Fla. 390, 194 So. 867 (1940), wherein the court refused to allow certio-rari to review an order by a trial court granting a temporary restraining order when the petitioner’s statutory remedy of motion to dissolve was not pursued. Also, I agree with the Fourth District Court in Tower Credit Corp. v. State, 183 So.2d 255 (Fla.App.4th, 1966), in which the court approved the holding of the Greater Miami Development Corp., supra, and, cases in which a motion to dissolve is not filed, it appears that an appellate court, lacking some unusual circumstances, such as an unreasonable delay in acting on the motion to dissolve, will refuse to entertain the interlocutory appeal.
In support of this theory, we find from Am.Jur., Vol. 4, “Appeal & Error”, § 120, and Vol. 42, “Injunctions”, § 347, annotations, to this effect:
“The general rule seems to be that an ex parte order is not a final order and therefore not directly appealable, the view ordinarily taken being that the party aggrieved by such an order must first move to vacate or set aside the order and may then appeal from the decision on the motion. This refusal to permit direct appeals is based upon the theory that a trial court which may have acted erroneously on a one-sided application, will proceed and correct error if an adverse party is heard . . . .”
and I think the law in Florida to be also well-stated in 17 Am.Jur. page 119, Supp., where we find the following:
“In the absence of a motion to dissolve a temporary restraining order, review of the order has been denied . . .”
It is therefore my opinion, based upon the law and decisions cited supra, that there is not an appealable order until the trial court has exerted its authority on the motion to dissolve, if said motion is timely filed and a timely hearing is offered and held. I don’t think we should take any cognizance of the appeal from the temporary injunction until the trial court has first had an opportunity to overlook its orders to correct the same, if the same is erroneously entered.
Another reason to add to my reason for dissenting, I find in a decision of the Third District Court of Appeal, when Judge Charles Carroll, in Belk’s Department Store, Miami, Inc. v. Scherman, Fla.App., 117 So.2d 845, 847, stated:
“. . . Also, it has been held that appearing and moving to dissolve an injunction or vacate the appointment of a receiver on grounds going to the propriety and merits of the granting of the injunction or appointment of the receiver, and not challenging lack of notice alone, operates to waive and cure the defect of want of notice.” (Emphasis supplied.)
*33 In the case sub judice, by filing the motion to dissolve and an answer, and setting the same for hearing, and actually taking testimony, the defects complained of in the motion to dissolve and in the answer, are waived, at least until the trial court has an opportunity to rule on the same.
For these reasons, I dissent and would return this appeal to the lower court to resume its hearings on the issues raised.