290 So.2d 479 (1974)
HOTEL-MOTEL, RESTAURANT EMPLOYEES & BARTENDERS UNION, LOCAL 339 OF BROWARD COUNTY, et al., Petitioners,
v.
BLACK ANGUS OF LAUDERHILL, INC., a Florida Corporation, Respondent.
No. 44109.
Supreme Court of Florida.
February 20, 1974.
*480 Joseph H. Kaplan and Gerald A. Rosenthal of Kaplan, Dorsey, Sicking & Hessen, Miami, for petitioners.
William A. Radford, of Radford & Merrill, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Hotel-Motel, Restaurant Employees & Bartenders Union Local 339 of Broward County, etc. v. Black Angus of Lauderhill, Inc., 279 So.2d 411), which allegedly conflicts with a decision of the District Court of Appeal, First District (United Steelworkers of America, AFL-CIO v. Seminole Asphalt Refining, Inc., 262 So.2d 215), on the same point of law. Fla. Const., art. V, § 3(b)(3), F.S.A.
Petitioners, a labor union and employees of respondent, were defendants in the trial court and respondent was the plaintiff.
On March 23, 1973, defendant employees left their work stations and began picketing plaintiff's restaurant. On April 26, 1973, plaintiff filed a sworn complaint with attached affidavits for injunction requesting a temporary restraining order. On the same day, a temporary restraining order was issued without notice restraining the defendants from continuing the acts charged in the complaint.
Defendants did not move to dissolve the restraining order pursuant to Rule 1.610(c), Fla.R.C.P., 31 F.S.A., which reads as follows:
"Motion to Dissolve. Any party against whom an injunction has been granted may move to dissolve it at any time."
Nor did defendants seek an evidentiary hearing as authorized by Rule 1.610(d), Fla.R.C.P., which reads as follows:
"Evidence. Either party may present evidence at any hearing on an application for or motion to dissolve an injunction. On hearing the court may grant, dissolve or continue the injunction or may require bond."
Instead defendants filed an interlocutory appeal pursuant to Rule 4.2, F.A.R., 32 F.S.A., which contains the following:
"Appeals may be prosecuted in accordance with this rule from interlocutory orders in civil actions that, from the subject matter or relief sought, are such as formerly were cognizable in equity, ... ."
*481 Plaintiffs then moved to dismiss the appeal on the ground that it was premature and "not procedurally apt for appeal." Plaintiffs' position is that an order granting an ex parte temporary injunction or an ex parte temporary restraining order pursuant to Rule 1.610(b), Fla.R.C.P., is procedurally premature for interlocutory appeal under Rule 4.2, F.A.R., in advance of the filing of a motion to dissolve and a hearing held thereon pursuant to Rule 1.610(c) and (d), Fla.R.C.P. Plaintiffs' motion to dismiss the appeal was granted by the District Court of Appeal.
In United Steelworkers of America, AFL-CIO v. Seminole Asphalt Refining, Inc., supra, a temporary injunction without notice was issued directed to United Steelworkers, the union moved to dissolve, a hearing was held, the hearing was adjourned to be reconvened at a later time, and the union thereupon filed its notice of interlocutory appeal from the temporary injunction. Seminole Asphalt moved to dismiss the interlocutory appeal contending that such an appeal would lie only from an order entered in the proceedings under the motion to dissolve the temporary injunction and that an ex parte order granting a temporary injunction is not subject to appellate review. Just as the plaintiff in the case sub judice, Seminole Asphalt cited Greater Miami Development Corporation v. Pender, 142 Fla. 390, 194 So. 867 (1940) and Tower Credit Corporation v. State, 183 So.2d 255 (Fla.App. 4th, 1966) in support of its position. The District Court of Appeal adequately distinguished these cases and said:
"The above cited authorities do not resolve the instant judicial problem, which is: Does this Court have jurisdiction to review the sufficiency of the pleadings which constitute the foundation for issuance by a trial judge of a temporary injunction, without awaiting the trial judge's decision upon a motion to dissolve? We answer the foregoing question in the affirmative.
"Temporary injunctions are creatures of equity. An order by a trial court without notice restraining the activities of a labor organization and its members is a temporary injunction. In issuing the instant order, the trial judge of necessity held that the allegations set forth in the petition coupled with facts itemized in supporting affidavits, if true, were legally sufficient. Article V, Section 5(3), Constitution of the State of Florida, 1971, F.S.A., provides that the Supreme Court may provide for review of Interlocutory orders by the District Courts of Appeal. Pursuant to the cited constitutional provision, the Supreme Court has promulgated Florida Appellate Rule 4.2, subd. a, which provides that an aggrieved litigant has a right of appeal from `interlocutory orders in civil actions that from the subject matter or relief sought, are such as formerly were cognizable in equity... .' As stated above, a temporary injunction is an order which was formerly cognizable in equity. The cited constitutional provision and Supreme Court Rule are clear and unequivocal in that all such orders of prior equitable cognizance, are appealable as a matter of right.
"In appealing the instant order granting a temporary injunction without notice, United Steelworkers is not seeking a review of factual matters. It is seeking a review of the legal sufficiency of Seminole's initial pleading and supporting affidavits. Thus, all facts well pleaded in the petition and set forth in the supporting affidavits are admitted to be true for the purposes of the instant appeal. We pause to note that had the trial judge refused to issue a temporary injunction upon the same pleadings and affidavits, such action would have been reviewable by interlocutory appeal. By like token, the sufficiency of the pleadings to sustain the issuance of such order is reviewable without a decision by the trial court on factual questions." *482 United Steelworkers of America, AFL-CIO v. Seminole Asphalt Refining, Inc., 262 So.2d 215, pp. 216-217.
There is conflict and we have jurisdiction.
Just as under the previous Constitution, our present judicial article (Fla. Const., art. V, § 4(b)(1)), F.S.A., provides that the District Courts of Appeal may review interlocutory orders to the extent provided by rules adopted by the Supreme Court.
All of the Rules of Court mentioned above should be read together and construed in such a manner that no conflict will result. In applying this principle, a defendant may take an interlocutory appeal from an order issuing a temporary injunction without notice and seek review of the legal sufficiency of the complaint and supporting affidavits. The appellate court may not review the factual matters unless a motion to dissolve is filed and a hearing held.
We approve and adopt the opinion quoted above in United Steelworkers of America, AFL-CIO v. Seminole Asphalt Refining, Inc., supra.
The decision under review is quashed and the cause is remanded to the District Court of Appeal for further proceeding.
It is so ordered.
ROBERTS, ERVIN, BOYD and McCAIN, JJ., concur.
DEKLE, J., dissents with opinion, in which CARLTON, C.J., concurs.
DEKLE, Justice (dissenting):
I would recede from Seminole. The trial judge should first be afforded a test of the complaint's sufficiency before appellate review so that there is a ruling thereon for review, as in the case of other complaints.
CARLTON, C.J., concurs.